THE TEXAS & PACIFIC RAILWAY COMPANY v. J. J. HAYDEN, GUARDIAN.

No. 246.

**Liability of Master for Act of Servant—Ejection of Passenger—Brakeman—Rules of Company.**—A boy 13 years of age was riding upon a freight train by the permission of a brakeman to whom he had paid his fare. Just before reaching his destination, he was ordered by the brakeman to jump off the moving train, and on his refusal to get off until he got to the depot, the brakeman threw a piece of coal at him, which struck him upon the head and knocked him from the train. In an action by the boy's guardian for damages for the resulting injuries to the minor, *Held:*

1. It being an issue of fact whether it was within the scope of the brakeman's employment to eject persons from the train, and there being evidence upon both sides of the issue, and the court in its main charge having placed the burden of proof upon the plaintiff, generally, a special charge to the effect that the brakeman had no implied authority to eject persons from the train, was properly refused.

2. It is not necessary that the servant should have authority to do the particular act resulting in the injury. The particular act may be directly in conflict with the express orders of the master, yet if it be done in furtherance of the master's business and to accomplish that which has been committed to him by general or special authority, the master will be held liable for the consequences.

3. It having been proven that it was against the rule of the company for persons to be taken upon freight trains as passengers, and that the conductor had no right to relax the rule. it was error for the court to charge the jury, in effect, that if the conductor consented for the boy to ride, or if he knew that the boy was upon the train, and did not object to it, that the company would be liable for the act of the brakeman in striking him and causing his injuries, regardless of whether the act was done within the scope of his employment or not.

4. If the rules of the company, in good faith, forbade persons being carried on freight trains, and the conductor had no authority to relax the rule, and the boy took passage upon the train with a knowledge of these facts, the consent of the conductor would not make him a passenger, rendering the company liable for injuries received by him for wrongful acts of the servant done without the scope of his employment.

5. The age and discretion of the boy should be considered by the jury in determining whether he in good faith got on the train believing that he had a right to ride on it.

APPEAL from Bowie.     Tried below before Hon. JOHN L. SHEPPARD.

*F. H. Prendergast*, for appellant.— 1.   The court erred in refusing the special charge, to the effect that a brakeman on a freight train had no implied authority to put a person off, and there was no evidence that the brakeman had any special authority to put a person off, and for that reason the jury should find for defendant.   Railway v. Anderson, 82 Texas, 516.

2.   Upon the sixth assignment of error, copied in the opinion:    Railway v. Scott, 64 Texas, 551.

*P. A. Turner, J. M. Talbot*, and *L. A. Byrne*, for appellee, cited: Stewart v. Railway, 90 N. Y., 588; Ray on Pass. Carr., 335, et seq.; Thomp. on Carr., 363; 8 Am. Rep., 311; 8 Am. and Eng. Ry. Cases, 354; 2 Wood on Rys., 1044, 1045; 39 Am. and Eng. Ry. Cases, 410; 83 Ala., 238; 99 Me., 263; 58 Me., 187; 31 Am. and Eng. Ry. Cases, 10; 38 Kans., 634; Railway v. Anderson, 82 Texas, 516; Railway v. Moody, 23 S. W. Rep., 41; Railway v. Mother, 24 S. W. Rep., 79.

Any traveler who enters a conveyance in good faith to take passage thereon is a passenger.   Railway v. Nichols, 8 Kans., 505, 517; Cleveland v. Steamboat Co., 68 N. Y., 306; Buffet v. Railway, 40 N. Y., 168.

Private rules of the company are not binding on persons having no notice of them. They are matters which must be alleged and proven as matters of defense.    31 Am. and Eng. Ry. Cases, 66; 39 Am. and Eng. Ry. Cases, 410.

FINLEY, Associate Justice.—This is a suit instituted by J. H. Hayden, as guardian of the minor Frank Black, for damages on account of personal injuries received by the minor. Frank Black, a negro boy about 13 years of age, was riding on a freight train by permission of a brakeman, having paid his fare to him. While the train was in motion, and just before it arrived at Texarkana, the place of destination, the brakeman ordered him to jump off of the train. He refused, stating that he had paid his fare to Texarkana and intended to ride to the depot. The brakeman then threw a piece of coal at him, which struck him on the head, knocked him from the train, and the wheels of the car ran over his feet and mangled them so as to necessitate amputation. Verdict and judgment for $12,500 damages.

The following special charge was asked by appellant, and its refusal by the court is assigned as error: "The jury are charged in this case, that a brakeman on a freight train has no implied authority to put a person off a freight train; and there is no evidence in this case to justify you in finding that the brakeman who struck the boy, Frank Black, had any special authority to put the boy off. Therefore, the company is not liable for the act of the brakeman. You will therefore find a verdict for defendant."

In support of this assignment, we are cited to the case of Railway v. Anderson, 82 Texas, 518. In that case the trial judge charged the jury, that "when a brakeman on a train undertakes to keep persons from getting on his train or to expel them, in the absence of proof to show that this was outside of the scope of his duties, there would be no presumption that such was the fact." The court held that the effect of this charge was to lead the jury to believe that it was the duty of the railway company to prove that the act was not within the scope of the brakeman's authority. This was clearly not the law. "The burden was upon the plaintiff to prove the facts which would entitle him to recover." The law does not undertake to fix or declare the duties of brakemen, and it raises no presumptions as to such duties. The right of prescribing the lines and limits of the duties of the servant rests with the master. What is the duty of a servant in any given case, is a matter to be established by proof, as any other fact in regard to which the law raises no presumptions.

In the main charge, the trial judge in this case placed the burden of proof upon plaintiff. This required proof of every fact necessary to a recovery; among which, upon this phase of the case, was the fact that

the injury resulted from the wrongful act of the servant, while acting within the scope of his employment.

It is not necessary that the servant should have authority to do the particular act resulting in the injury. The particular act may be directly in conflict with the express orders of the master; yet if it be done in furtherance of the master's business, and to accomplish that which has been committed to him by general or special authority, the master will be held liable for the consequences.

In this case it was an issue of fact, whether it was within the scope of the brakeman's employment to eject persons from the train. There was evidence upon both sides of the issue, and the court having placed the burden of proof upon the plaintiff generally on the whole case, there was nothing which called for a special charge to the effect that the brakeman had no implied authority to eject persons from the train. Aside from this view of the question, this particular instruction could not have been legitimately given by the court; the evidence was sufficient to require the submission of the issue to the jury, and the court was not justified in withdrawing it from them, as requested by the special charge.

Appellant also asked the following charge: "A brakeman on a freight train has no implied authority from the company to put a person off a freight train. In this case, to justify a finding for plaintiff, you must find that the brakeman who struck Frank Black had authority from the conductor on the train to put Frank Black off. The authority must have been given to this particular brakeman who struck Black, to make the company liable. Authority given by other conductors to other brakemen would not be sufficient." This charge was given by the court, with the qualification, "The jury are to consider it only in connection with the second paragraph of the charge given you by the court in its general charge." This qualification of the instruction is assigned as error.

The second paragraph of the general charge, in effect, instructed the jury, that "if Frank Black boarded the train in violation of the rules of the company, and paid his passage money to the brakeman, without the knowledge of the conductor, then he was a trespasser and could not recover, unless the evidence showed that it was within the scope of the brakeman's authority to eject persons from the train." This special charge ought not to have been given at all; but being given, the subject of the second paragraph of the charge was the proper connection for its consideration, and appellant has no just cause of complaint.

Fourth assigned error: "The court erred in the second part of the second paragraph of the charge, in charging the jury, 'That they would find for defendant,' etc., 'unless you find from the evidence that the brakeman on said train had authority from his superior officer, who managed and controlled said train, to put a person wrongfully on said train off, and that said brakeman was acting in the scope of his authority in

attempting to put plaintiff off said train; and if you further believe from the evidence that such brakeman used more force than was necessary, then you may find for plaintiff.'    This was error, because there was no evidence that said brakeman had any authority from his superior officer to put the boy off.''

This assignment is untenable.    That the brakeman had authority to eject persons from the train was a leading issue under the pleadings, and the evidence tending to establish such authority was sufficient to require its submission to the jury.

The fifth and sixth assignments of error will be considered together, and are as follows:

'' Fifth.    The court erred in refusing special charge number 3 asked by the defendant, to the effect that the mere fact that the conductor knew that Black was on the train would not make the company liable for the act of the brakeman in striking Black, unless the company authorized the brakeman to put Black off the train.

'' Sixth.    The court erred in charging the jury to find for the plaintiff, ' If they believed that Frank Black paid his fare to a brakeman, and got on said train with the consent of the conductor in charge of said train, or that said Black took passage on said train after paying his fare to a brakeman without the knowledge of said conductor, and the conductor saw him and knew he was on the train, and permitted him to ride without objection, and that the brakeman struck him while on the train.'    This was error, first, because there was no evidence that the conductor consented to his riding or saw him there; second, because these facts would not make the company liable.''

The train upon which the boy rode was not a passenger train; it was composed of an engine, a caboose, and a number of flat cars; it was a freight train.    It was proven that it was against the rules of the company for persons to be taken upon freight trains as passengers, and that the conductor had no right to relax the rule.    This part of the charge was intended by the court evidently to announce the law upon a state of facts which would show Black to be a passenger, and which would make the company liable for the act of the brakeman resulting in injury to Black, though such act was not within the scope of his employment.    It, in effect, informed the jury, that if the conductor consented for the boy to ride, or if he knew that the boy was upon the train and did not object to it, that the company would be liable for the act of the brakeman in striking him and causing his injuries, regardless of whether the act was done within the scope of his employment or not.    To this broad and unqualified proposition we can not give our assent.

A railway company has the right to make reasonable regulations for the conduct of its business and operation of its trains.    No regulation appears to us more reasonable or salutary to the interests of railways, and

the public as well, than that of prohibiting the carrying of passengers upon freight trains. Such regulations the railway company has the right to demand that its servants shall enforce, and to place them beyond the power of operatives of trains to relax. One who has notice of such a regulation can not, by procuring the consent of the conductor, make himself a passenger upon such a train, and render the company liable to him for injuries received from the wrongful acts of the operatives of the train done without the scope of their employment.

The charge complained of makes the company liable, regardless of whether Black knew of the rule prohibiting persons from riding upon such trains. If he had the consent of the conductor, or the conductor knew he was on the train and did not object, he was entitled to recover, according to the charge, though he knew that the rules of the company expressly forbade freight trains from carrying passengers. This proposition is not sound. If the rules of the company forbade persons being carried on freight trains, and the conductor had no authority to relax the rule, and Black took passage upon the train with knowledge of the facts, the consent of the conductor would not make him a passenger, rendering the company liable for injuries received by him from wrongful acts of a servant done without the scope of his employment. Railway v. Moore, 49 Texas, 48; Prince v. Railway, 64 Texas, 146. This applies where the company in good faith endeavors to enforce such rule, and not where the conductor has been permitted to make a practice of carrying passengers notwithstanding the rule. Cook v. Navigation Co., 76 Texas, 356.

In order to have entitled him to the protection which the law gives to a passenger, he must have been in ignorance of the rule prohibiting the carrying of passengers upon such trains, and in good faith believing that he had a right to ride upon the train, took passage upon it with the knowledge or consent of the conductor. The age and discretion of the boy does not seem to have been given any importance in determining the liability of the company. We think that matter should be considered by the jury in determining whether he in good faith got on the train believing that he had a right to ride on it.

There is nothing in the general charge to relieve it of the error pointed out. The paragraph referred to is the only presentation of that phase of the case to the jury. The jury may have concluded, that if the conductor consented to or knew of Black riding upon the train, that he thereby became a passenger, and the company became liable to him as such.

For this error, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered March 14, 1894.