## T. M. Prince v. I. & G. N. R'y Co.

(Case No. 5481.)

1. DAMAGES — CONSIDERATION — NEGLIGENCE.— The confidence induced by undertaking even a gratuitous service for another is a sufficient legal consideration to create a duty in its performance; hence, a railway company is liable in damages for negligence which results to the injury of a passenger who is lawfully in its car, whether he is charged and pays his fare or not.

2. RAILWAY COMPANY — PRESUMPTION.— If, by the rules of the railway company, passengers are expressly forbidden to ride on a particular train, the presumption exists that any one claiming to be a passenger upon such a train is an intruder.   Such presumption does not exist when it is shown that, notwithstanding the prohibition, passengers are habitually transported on such train, with the knowledge of the company and without objection on its part.

3. DAMAGES — RAILWAY COMPANY.— A railway company is liable in damages to one who is injured by the negligence of its agents while traveling on a hand-car of the company on which he had been invited to ride by the proper agent of the company free of charge; it being shown that such a car was sometimes used by the company for the transportation of passengers, and that no rule of the company was violated thereby.

APPEAL from Hayes.   Tried below before the Hon. H. Teichmuller.

Suit by appellant to recover damages for personal injuries sustained through the alleged negligence of appellee while appellant was being transported by appellee as a passenger upon its railroad.

The petition alleged in effect that through the negligence of the employees of the company, plaintiff sustained injuries while riding on a hand-car on which he was invited to ride, and on which he was received as a passenger, and that the company sometimes used said hand-car for the transportation of passengers invited to travel on it by the proper agents of the company free of charge.

A demurrer to the petition was sustained, on which judgment for defendant was entered, from which this appeal was taken.

*O. T. Brown*, for appellant.

*Hutchison & Rose*, for appellee, cited: Hoar *v.* Maine Cent. R'y Co., 35 Am. Rep., 299; Chevallier *v.* Strahan, 2 Tex., 121; Haynie *v.* Baylor, 18 Tex., 507; Redf. on Carriers, 15; Hutchinson on Carriers, sec. 47; Mo. Pac. R'y *v.* Douglas, 2 Tex. Law Rev., 281.

WILLIE, CHIEF JUSTICE.— In sustaining the special demurrer to the petition, the court below in effect held, that as the railroad company did not commonly transport passengers upon hand-cars, and the appellant was injured whilst being transported gratuitously, at the invitation of the company's agents, upon one of these cars, he could not recover though the injury happened through the negligence of the company's employees in charge of the car.

The duty of a railroad company to transport passengers safely, and its consequent liability for a breach of this duty, arising from the negligence of its servants, does not result alone from the consideration paid for the service. "It is imposed by the law even when the service is gratuitous. 'The confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it.' Coggs *v.* Bernard, 1 Smith's Leading Cases, 282." Phil. & R. R'y Co. *v.* Derby, 14 How., 486.

A gratuitous bailee must answer for goods left in his charge, if lost through his gross negligence. A railroad company receiving passengers upon its cars cannot, through indifference to their safety, allow them to be injured in life or limb, without accounting in damages, though they have paid no passage money. It is enough that the passenger is lawfully upon the cars of the company at the time he is injured. Whether he is lawfully or unlawfully upon the cars does not depend upon his having paid fare for his transportation. One may pay fare and yet be unlawfully upon the train, as in case of a passenger upon a freight train when the rules of the company positively forbid the carrying of passengers upon such trains. Railway Co. *v.* Moore, 49 Tex., 31.

On the other hand one may be lawfully upon the cars without paying fare, when he is there by invitation or permission of the officers having authority to allow him to ride free of charge.

Nor does the question of whether or not a passenger is lawfully upon a train depend necessarily upon the purposes to which the

train is usually devoted. If usually employed in the transportation of passengers, a person who has paid his fare, or has been invited to ride free of charge, is presumed to be lawfully upon the train. If, by the rules of the company, passengers are expressly forbidden to be carried upon a particular train, the presumption is that any one claiming to be a passenger upon such a train is an intruder and without lawful right to be there. This presumption may be rebutted by showing that, whilst the rules forbid the transportation of passengers upon these trains, yet, with the knowledge of the company, and without objection on its part, they are habitually permitted to take passage upon such trains. The company, through its proper officers, having the right to make these rules, may, through the same officers, relax or dispense with them, and the public are authorized to consider them as dispensed with, when not practically enforced. The conductor cannot relax these regulations without the consent of the company, because he is the agent whose special duty it is to see that they are enforced, and any relaxation of the rules on his part would be a disobedience of the orders of his superiors.

This is the effect of the decision in R'y Co. *v.* Moore, *supra,* and it follows from the principles of that decision that when there are no such rules, but passengers are sometimes taken upon cars not generally devoted to passenger service, a person who enters such cars as a passenger, by invitation of the agents in charge of them, or with the expectation of paying fare when demanded, is lawfully there, and entitled to all the rights of a regular passenger.

The rules of the company do not forbid his traveling upon these cars. He is encouraged to enter them by the fact that the company sometimes use them for the transportation of passengers. If improper for him to travel upon them at the particular time, he should be so informed by the officer in charge, or in some other proper manner.

In the present case it does not appear that the regulations of the company prohibited traveling upon a hand-car. On the contrary, it does appear that these cars were sometimes thus used by the railroad company. The agents in charge of the car were not therefore violating orders when they permitted the plaintiff to take passage upon it. He certainly had no reason to suppose that he was acting unlawfully in riding upon the car. It does not appear that the parties inviting the plaintiff to travel upon the hand-car were not authorized to take him upon the proposed trip free of charge, much less that he was made aware of this fact. In a word, the petition

makes out a case of a passenger lawfully upon a car of the defendant company, which the latter sometimes used for the transportation of passengers, invited by the proper agents to travel upon it free of charge, and injured by the negligence of the employees of the company in failing to use proper diligence in running the car. We think, in reason and upon authority, some of the cases bearing upon the question being collected below, he made out a case in his petition entitling him to recover. Phil. & R. R'y Co. *v.* Derby, *supra;* Steamboat New World *v.* King, 16 How., 469; O. & M. R. R. Co. *v.* Muhling, 30 Ill., 9; Wilton *v.* Middlesex R. R., 107 Mass., 108; Carroll *v.* Staten Island R. R. Co., 58 N. Y., 126.

As to what degree of diligence was required of the servants in charge of the car under the circumstances, or for what negligence on their part the company would be liable, it is not necessary for us to consider. The petition alleges that the plaintiff was injured through the negligence of the company's servants, which includes all degrees of negligence, slight, ordinary and gross, and there was no special exception complaining that the kind of negligence was not stated, even if such an exception could have prevailed.

We think the court erred in sustaining the general demurrer and special exception to the petition, for which error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 12, 1885.]