Maltbie, Judge.
The judgment is sought to be reversed upon a number of grounds. Among others, the following charge of the court is complained of and assigned as error:
First. “The jury is instructed that according to the undisputed evidence submitted to you, the plaintiff was on defend *719 ant’s car, either at the invitation or with the consent of the ^servants, authorized by the general train master of defendant company. You are instructed that the plaintiff was lawfully on said car, and that the defendant would be liable in damages for any injury the plaintiff may have sustained while on said car, by reason of any negligent conduct of the servants of the company in charge of said car.
Second. “If you believe that said car was not ordinarily used to carry passengers, and by reason of its construction and mode of propelling it, persons riding, on the same were exposed to more than ordinary danger, it was incumbent on the servants of defendants in charge of said car to employ a greater degree of care for the protection of plaintiff, in proportion to the greater degree of danger arising from the unusual situation and all of the surrounding circumstances. But the plaintiff, by entering such car, also accepted such greater risk as was patent to him, and such danger as was manifestly incident to riding on such car, and as could not be avoided by the careful and prudent management of the same by the defendant’s servants, which the plaintiff had a right to expect and might reasonably rely upon under the circumstances.”
Each of these paragraphs of the charge of the court are assigned as error. By a reasonable construction of the first, the jury had a right to infer that the plaintiff was on the hand car with the consent of some agent of the defendant, who was either expressly or impliedly authorized to give defendant’s consent for appellant to be carried on the hand car, with all of the rights of a passenger on a train operated for transporting passengers. There was no dispute as to appellee having the consent of Hume to ride on the car; but it was denied that Hume had any authority to give appellant’s consent for him to do so, and there was evidence tending to support this view of the case. We think that the district court erred in holding as a matter of law, under the facts of the case, that appellee had the consent of appellant to ride upon said hand car, but that it should have been left to the jury, under appropriate instructions, to determine the status of appellee in connection with said car. (Pierce on Railroads, 277; Jackson v. Second Avenue Railway Company, 47 New York, 274; Redding v. South Carolina Railroad Company, 3 South Carolina, 1.)
The servants of appellant who gave appellee permission to ride on the car are not shown to have had the power to abrogate *720 or suspend rules promulgated by the proper authority for the •operation of the road; and the court below could not assume that said servants, in so doing, were acting in the apparent scope of their authority. But, if the facts proven had have been sufficient to justify the belief that appellant’s agents had the authority to furnish transportation to facilitate holding the inquest, it might have been submitted to the jury to say whether such •agents were acting in the apparent scope of their authority, in furnishing the hand car in question.
The decision in the case of T. M. Prince v. The International •& Great northern Railroad Company, reported in 64 Texas, 144, although growing out of the same facts that exist in the present case, was upon demurrer to plaintiff’s petition, in which it was alleged that Prince was on the hand car by the invitation and consent of an agent of defendant, who had authority to give defendant’s consent thereto, and has no application to the question under discussion. And in the hand car case of Pool v. Chicago, Milwaukee & St. Paul Railway Company, 14 Northwestern Reporter, 46, it was shown that Pool took passage on defendant’s hand car to attend to business for defendant; that said car was furnished by an agent of defendant, authorized by defendant to furnish.it, and the only point decided was that Pool was entitled to recover under the same facts that any other passenger would be who had paid his fare and was traveling on a passenger train, which was also held in Prince v. The Railroad Company, supra, and may be considered settled law in this State.
. We think that there was also error in the second paragraph of the charge of the court complained of above. Some courts have held that persons taking passage on tráins not designed or used for the transportation. of passengers were not entitled to the rights of passengers, and while such is not the law in this State, it would be unreasonable to require of a carrier of passengers, who, at some time, may gratutiously, or without hire, furnish a hand car or other vehicle not adapted to, or intended for, the carriage of passengers, manned by a crew that had been employed simply to work on the track and run the car for their own convenience, but had never been accustomed to look after the safety of others, and had not been selected or employed for such purpose, to a greater degree of care, skill or diligence, than would be required in carrying passengers for hire on regular trains, although it might be, in fact, more dangerous to ride on such improvised conveyance than upon regular passenger coaches.
*721 Report adopted October 28, 1887.
We find no further error in the charge of the court.
The appellant objected to the proof of all facts that occurred after the jury of inquest started south from where the body' was found, in the direction of Hunter, on the ground that said car was furnished to carry the coroner and jury to where the body was found and no further, and that anything occurring beyond this place was irrelevant. A sufficient answer to that, is that the coroner thought it was necessary to go beyond the spot of ground where the body was found, in order to develop the facts leading to the death, the cause of death, being the subject of investigation. Any other view would be exceedingly narrow and technical, and we do not think the court erred in overruling the objection.
We conclude that this case ought to be reversed and remanded on account of errors in charge of the court.

Reversed and remanded.