International & Great Northern Railway Company v.
T. M. Prince.

No. 6570.

1. **Train Master—Use of Hand Car.**—Suit for damages for personal injuries suffered by a passenger riding upon a hand car at request of an employe of the railway company, himself acting on a dispatch from the train master on business of interest to the company. The rules of the company forbid the use of hand cars in carrying passengers. It appeared that the rules of the company did not extend the authority of the train master over the hand cars. But the testimony tending to show that the train master was the representative of the company on that part of the road in respect to all matters connected with the use of the road, *held,* not to be error that the court sub-

mitted to the jury and the jury found that the train master had authority to direct the use of the hand car and to the use in question.

2.  **Care on Part of Railway Company.**—See fact held sufficient to support a verdict finding negligence in the use of the hand car. A passenger lawfully upon a hand car is entitled to exact of the railway company ordinary care for his safety.

3.  **Practice — Objections to a General Interrogatory.** — Interrogatories were propounded to a witness. The last asked the witness generally to state all facts within his knowledge upon the subject of his examination. *Held*, that objections to the question and answer could only be taken in writing and notice thereof given before the trial began. The objection is to the manner and form of taking the depositions.

APPEAL from Hays. Tried below before Hon. H. Teichmueller.

This case was before this court at Austin Term, 1885. 64 Texas, 144. In the report on the former appeal and in the opinion here a statement of the facts is given.

*W. O. Hutchison* and *B. B. Rose*, for appellant.—The court erred in refusing to set aside the verdict; for the reasons:

(1) There was no competent or satisfactory evidence introduced in this case on trial thereof to establish as between plaintiff and defendant the relation of common carrier and passenger as alleged in plaintiff's petition. Railway v. Nichols, 12 Am. Rep., 476; Eaton v. Railway, 15 Am. Rep., 513; Hoar v. Railway, 35 Am. Rep., 299; Prince v. Railway, 64 Texas, 144.

(2) There was no competent proof that the train master Thomas Hume was authorized or had the power to relax the rules of the defendant as to the use of its hand cars, and still less was there any proof that said Hume was authorized to establish between plaintiff and defendant the relation of passenger and common carrier.

(3) There is no evidence to show that defendant company permitted its hand cars to be used in transporting passengers. Railway v. Moore, 49 Texas, 31; Prince v. Railway, 64 Texas, 144.

(4) There is no evidence in this case that would reasonably create in the mind of a man of ordinary care or prudence at the time of taking passage on such hand car a reasonable belief that he was so taking passage on such hand car as a passenger and under circumstances invoking from defendant a degree of care and imposing upon defendant a liability pertaining to the relation of common carrier and passenger. Prince v. Railway, 64 Texas, 144.

(5) The evidence shows that if plaintiff was injured it was by reason of the independent act of a fellow passenger, such act not being caused by the wrongful act or omission of defendant's servants in charge of the hand car; and such act and its consequences being of such a character not to be reasonably anticipated and avoided by the exercise of due care on the part of said servants.

(6) The evidence shows that plaintiff's injuries were caused by an un-

avoidable accident, occasioned without fault or negligence on part of defendant's employes.     Seale v. Railway, 65 Texas, 274.

*Denman & Franklin* and *O. T. Brown,* for appellee. — 1.     Whether Hume had authority or the apparent authority to direct the conveyance of appellee and others on defendant's hand car was purely a question of fact to be decided by the jury.     The jury has decided, and their verdict should be final.     Patton v. Brown, 3 N. Y., L. ed., 315; 11 Cent. Rep., 455; Thomp. on Neg., 899, and note 5; Railway v. Garcia, 62 Texas, 285.

2.     If, considering the occurrence of the accident itself and the attendant circumstances, after due allowance for conflicting considerations, the minds of reasonable men might reach opposite conclusions, some attributing it to the negligence of defendant, others not, then it is a case for the jury, and their verdict should stand.     But the negligence need not be shown by positive and direct testimony only; it may as well be inferred by the jury from circumstantial evidence.     Cool. on Torts, 670; Billing v. Breinig, 45 Mich., 65; Cordell v. Railway, 75 N. Y., 330; Lambert v. Railway, 70 N. Y., 104; Bridges v. Railway, 7 H. L. Cases, 213; Pur v. Ryan, 54 Mich, 224.

STAYTON, Chief Justice.—This case was before this court at a former term.     64 Texas, 144.     The holding then was that the petition stated a cause of action, and although there are other questions now presented, the main inquiry now is whether the evidence supports the averments of the petition.

When injured appellee was riding on a hand car, which the evidence shows was against the rules of the company, such cars being intended only for the transportation of employes, tools, and such other things as were necessary to be used on the road.

The petition alleged, in effect, that the company was not accustomed to transport passengers on its hand cars, but that on the occasion when appellee was injured it did invite him and others to take passage on its hand car for the purpose of reaching a place on the road where a dead person had been found, to which place the persons so received on the car were going to hold an inquest, which the company for its own vindication desired should be held.

Appellee further alleged that he went on the car at the invitation of the company, that the car was operated and managed by appellant's servants, through whose negligence he was injured.

The evidence shows that it was a violation of the printed rules of the company to transport others than employes on hand cars, but does not show that appellee was aware of that rule.

On the morning of the day on which the accident occurred one Hume, who was train master on that part of appellant's road, sent a telegram to

the section foreman of that section directing him to take the coroner and his jury to the place where the dead body was found, and there can be no doubt but that he expected this to be done on hand cars of which the section foreman had the immediate control.

The testimony of Hume is to the effect that he had no right or power derived from appellant to direct the use of its hand cars for the purpose for which he did direct them to be used. His evidence as well as that of the road master tends to show that he had general control of all trains engaged in transportation of passengers or freight, but that he had no right to control hand cars, which were for the use of employes of the company only and under the control of the road master.

A witness who seems to have been in the employment of appellant at time appellee was injured stated that he was "familiar with the duties of a railroad train master. He has control of all trains on his division; he regulates everything that goes on the track on his division. His position is superior to that of train dispatcher; he has control of all trains run on his division. In the absence of a division superintendent he has the authority of such superintendent and has control of everything on his division. I do not think that there was any division superintendent on the Laredo and Taylor division when Mr. Prince was hurt by the hand car."

Another employe stated that "Hume, as said train master, had exclusive control of his section as to other employes on the road, and the general management of the road as to said subdivision, to-wit, from Taylor to Laredo. All employes were subject to his orders on said section."

Another employe, after stating that Hume had directed him to have the inquest held and to use hand cars in transporting the coroner and jury, said: "Hume was train master of this division, and as such was my superior, and directed me to do what I did in this matter. At that time there was no division superintendent, but a division train master, Mr. Hume. Mr. Hume, as train master of this division, had general control of all employes on this division. When I want anything I apply to Mr. Hume, and in general communicate with him about all things, except when we are sued, in which event I communicate with the law department."

Under this state of facts it is contended that the evidence was not sufficient to justify a finding that Hume had authority to use the hand cars for transporting the coroner and his jury to the place where the body was found on the track.

We are not prepared to hold that the evidence did not justify a finding that Hume had authority to use the hand cars as they were used, for it tends to show that he was the representative of the company on that part of its road in respect to all matters connected with its use of its road, cars of all kinds, and the services of its employes.

A person having such a relation to a corporation and to its business

must with reference thereto be deemed its representative and his act the company's act.

If he violates rules made for the government and protection of employes, and thus places persons ignorant of such rules in position where they are injured by the negligence of the company's servants, it must respond in damages for the injury thus resulting.

The question of extent of Hume's power was fairly submitted to the jury, and with the evidence before them their verdict must be deemed conclusive of the question.

While the fact of agency can not be presumed by the simple fact that one assumes to do some act in that character, yet where the fact of agency is established the power which the agent actually does exercise in his principal's business, and over other employes to which they constantly yield obedience, may be looked to as evidence of the actual power possessed by the agent.

The charge of the court did not require of appellant the exercise of that degree of care which it is necessary the carrier of passengers in vehicles intended for that purpose shall use, but informed the jury that appellant would be liable only in the event appellee was lawfully on the car and while there injured by the failure of servants of appellant to use ordinary or reasonable care.

The court further informed the jury that appellant would not be liable if the injury complained of resulted from the act of a fellow passenger or from unavoidable accident.

The evidence tends to show that the hand car was running at an unusually rapid speed when the accident occurred, and that a temporary resting place for the legs or feet of those sitting on the front part of the car, improvised for the occasion, gave way, and that appellee and others thereon sitting were thus caused to fall in front of the car, from which they received injuries.

There was also some evidence tending to show that the act of one not a servant of appellant may have caused the accident. What the real cause was was for the determination of the jury, as was it for them to determine whether the injury resulted from the negligence of the servants of appellant. The jury may have come to the conclusion that the arrangement for seating appellee and others who were going to the inquest was not such as under the circumstances ordinary prudence demanded, and that this caused the accident, and if so we can not say that there was not evidence to sustain such a finding.

We know from the evidence that the rest for the legs or feet of those seated on the front of the car gave way and caused those there sitting to fall before the moving car, and that it did fall is some evidence that it was not properly placed or secured, which in the absence of some evidence that it could not have been well secured consistently with the proper use

of the car, the jury was authorized to look to on the question of negligence or not.

Being lawfully on the hand car it was the duty of appellant to exercise at least ordinary care for the safety of appellee. Whitehead v. Railway, 6 L. R. A., 410.

The charges requested which were intended to inform the jury as to the facts which would not have conferred on Hume authority to transport the coroner and jury on hand cars, and as to the effect of his directing this to be done if this was in excess of his power, were but abstract propositions, more likely to mislead the jury under the evidence than to give them a correct view of their duties, and were properly refused, and especially so in view of the fact that the charges given by the court fairly presented the questions in the case to the jury.

An interrogatory propounded to a witness whose testimony was taken by deposition was as follows: "Please state any other fact or facts within your knowledge regarding the matter the same as if directly questioned about it;" and without objection made before the trial the answer to this interrogatory was objected to on the ground that it was general and did not tend to elicit any particular fact or facts.

The objection was one that went to the manner and form of taking the deposition, and to have been available should have been urged in proper time and manner. Such objections can not be made for the first time during the trial.

The answer, however, did not state a single fact that was not proved by most of the witnesses—i. e., that the section foreman took the coroner and jury out on the hand cars and that appellee was hurt.

Appellant, on notice, having filed copies of the telegrams on which the coroner and jury were taken out, the operator who received the telegrams was permitted to state the message, which in no material respect differed from the copy filed. There was no error in admitting this evidence, but had there been, no injury could have resulted, as it related to a matter about which there was no controversy.

The cause having been fairly submitted to the jury on evidence which can not be said to be insufficient to sustain the verdict, the judgment must be affirmed.

*Affirmed.*

Delivered June 6, 1890.