THE LOUISVILLE & NASHVILLE RAILROAD COMPANY, A COR-PORATION, *Plaintiff in Error,* v. AMANDA WADE, *Defendant in Error.*

1. On suing for injury caused by the negligence of another, who in his declaration, without general averments, alleges the negligence to be in certain specified acts or omissions can recover only for injury resulting from the particular negligence alleged.

2. It is error for a trial judge to refuse to instruct the jury that no recovery for negligent injury can be had by the plaintiff for negligence of the defendant not covered by the declaration; and especially is this true where a charge given by the court may reasonably have led them to the contrary belief.

3. Section 3 of chapter 4071 of the acts of 1891 limits the rule that an employe can not recover for an injury occasioned by the negligence of a fellow servant to cases where the person injured is guilty of contributory negligence, and the word "employe" as used in that section means such an employe as would be a fellow servant under the rule above mentioned.

4. The rule denying the master's liability for an injury by a fellow servant has no application to one who when injured was not engaged in the performance of his duties to the common master, but had left the scene of his labors and was engaged in his own pursuits.

5. One who borrows a hand car for use on a railroad from an employe of the railroad company who is without either actual or apparent authority to lend it for such use does not thereby become a licensee upon the track of the company, but is a mere trespasser.

This case was decided by Division B.

Writ of error to the Circuit Court for Holmes county.

The facts in the case are stated in the opinion of the court.

*Blount & Blount* and *Daniel Campbell* for plaintiff in error.

*D. L. McKinnon* for defendant in error.

MAXWELL, J.—The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, to recover damages for the death of her husband caused by a collision near the eastern boundary of the village of Westville between a hand car of the defendant company upon which he was going to Westville, and an engine operated by the company running in the opposite direction. The declaration alleges that the accident was occasioned by the negligence of the defendant in running the engine backwards in the night without the proper number of fit and suitable lights upon the engine and tender and at an unusual and unwarranted rate of speed.

The court charged the jury as follows: "If you find from the evidence that the defendant's agents exercised due care and caution in operating the locomotive engine and cars which collided with the lever car and caused the death of the plaintiff's husband and used all precautions which were proper, necessary and customary under the circumstances, by blowing the whistle, ringing the bell and exhibiting signal lights, and were not guilty of any negligence,

then you should find for the defendant." The defendant then asked the following instructions which were refused, *i. e.*: "It is not shown in this case that it was necessary to blow the engine whistle while passing through Westville and it makes no difference for the purpose of this case whether the whistle was blown or not;" and "Unless you believe from the evidence that the ringing of the engine bell while the train was passing through Westville might have attracted the attention of the deceased or some of the other men with him on the hand car and caused them to stop in time to avoid collision, then you will not consider the question as to whether the bell was rung or not. The ringing of an engine bell is for the purpose of giving warning of the approach of the engine, and if the men on the hand car could not have heard it ring by reason of the noise made by the running of the hand car, then it would make no difference, so far as your verdict is concerned, whether the bell was rung while the engine was passing through Westville or not." Each of these rulings is assigned as error.

The declaration contained no allegation that the defendant was negligent in failing to blow the whistle or ring the bell on the engine, and no general averments of negligence under which proof of such omissions could have been given to support the plaintiff's action. The plaintiff is confined in his recovery to the cause of action alleged in his declaration (*Savannah, F. & W. Ry. Co. v. Tiedeman*, 39 Fla. 196, 22 South. Rep. 658), and therefore, was not entitled to recover upon the ground that either of these precautions had been negligently omitted by those in charge of the engine.

Under the assignment predicated upon the giving of the charge above quoted it is contended that the instruction that if the defendant "used all the precautions which were proper, necessary and customary under the circumstances, by blowing the whistle, ringing the bell and exhibiting signal lights," the jury should find for the defendant, is

erroneous as impliedly instructing them that the omission of any of these acts would constitute negligence which would entitle the plaintiff to recover. Whether the charge raises so strong an implication of this nature as to constitute reversible error, we do not now determine, as a second trial of the case will doubtless be confined to the issues presented by the pleadings. It can not be doubted, however, that such an inference is possible from the language used, and if erroneous and prejudicial to the defendant, it had a right to ask that the point be made clear to the jury. The first of the above requested charges would have served to give the defendant the benefit of the fact that the declaration did not authorize recovery for failure to sound the whistle and to rebut the possible inference to the contrary contained in the instruction given by the court. The refusal to give it was reversible error.

The other requested instructions related to the ringing of the bell upon the engine. For the reason above given, the court might properly have refused to submit to the jury any issue upon this point; but if it were one proper to be considered by them, and they could have inferred that it was from the charge above quoted, the charge requested was in effect an instruction that the negligence mentioned would not impose liability upon the defendant unless it was the proximate cause of the injury sued for, and stated a correct limitation upon the right to base a cause of action thereon.

Two other questions are presented by the record before us which will necessarily arise upon another trial of the cause and which we, therefore, determine. The evidence shows that Wade at the time of his death was employed as a member of the bridge gang of the defendant, engaged under the supervision of a foreman, Pooser, in repairing bridges on the defendant's line; that he had been discharged for the day, and had borrowed from the foreman the hand car furnished to the latter by the defendant for use in his work,

for the purpose of going to Westville to visit his family; and that it was against the rules of the company for Pooser to lend the hand car for such a purpose. In making the run to Westville the collision occurred in which Wade was killed. The defendant, by objections to testimony and by charges requested of the court, raises the questions whether at the time of his injury Wade was either an employe of the defendant for whose death it is not liable in damages if his own negligence contributed thereto, or a licensee rightfully upon the track of the defendant. We think that he was neither.

Section 3 of chapter 4071 of the acts of 1891, which provides that "if any person is injured by a railroad company by the running of the locomotives, or cars, or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery," limits the rule that an employee can not recover for an injury occasioned by the negligence of a fellow servant to cases where the person injured was guilty of contributory negligence. The rule as to fellow servants had no application to one who, though in the employment of the principal whose servant's negligence occasioned the injury, was not when injured engaged in the performance of his duties as such employee, but had left the scene of his labors and was engaged in the pursuit of his own ends. Wood on Master and Servant, sec. 404; *Wink v. Weiler,* 41 Ill. App. 336; *Doyle v. Fitchburg R. Co.,* 162 Mass. 66, 37 N. E. Rep. 770, S. C. 44 Am. St. Rep. 335; *Washburn v. Nashville & Chattanooga R. R. Co.,* 3 Head (Tenn.) 638. One so injured, therefore, is not an employee within the meaning of the present statute.

Nor was Wade a licensee rightfully upon the track of the defendant at the time of his death. It is true he had

the permission of his immediate superior, the foreman of the bridge gang, to use the hand car as he did, but ample and uncontradicted testimony shows that the foreman had no right nor authority to lend the use of the track and the hand car furnished to him as an implement for use in his work, to private individuals for their own benefit or pleasure. And there is nothing in the position or duties or usual conduct of such a foreman, as now shown to us, from which the existence of such a right could have been inferred. ` His permission to use the car, therefore, did not bind the company. *Rathbone v. Oregon Railroad Company,* 40 *Oregon,* 225, 66 Pac. Rep. 909, S. C. 11 Am. Neg. Rep. 138; *International & G. N. R. Co. v. Cock,* 68 Texas, 713, 5 S. W. Rep. 635; *International & G. N. R. Co. v. Prince,* 77 Texas, 560, 14 S. W. Rep. 171. And without some reason to infer the authority, it is immaterial whether Wade had express notice of this lack of power or not, though the uncontradicted testimony is that he did have such notice.

Upon the case as now presented, therefore, the measure of duty or care owing to Wade was that due to a trespasser upon the track at the time and place of the injury to him.

As the evidence as to the measure of diligence shown by the defendant company and as to the character and customary use of the place where the accident occurred may be different on another trial, we express no opinion upon the sufficiency of that now presented to support the verdict.

The judgment is reversed and a new trial ordered.

CARTER, P. J., and COCKRELL, J., concur.

TAYLOR, C. J., and SHACKLEFORD and HOCKER, JJ., concur in the opinion.