R. P. CANON AND W. G. BARNWELL, COPARTNERS, TRADING AND DOING BUSINESS IN THE FIRM NAME OF CANON & BARNWELL, *Plaintiffs in Error,* v. H. J. GREEN, DOING BUSINESS IN THE NAME OF E. M. GREEN, *Defendant in Error.*

1. During the trial of a case, after the jury has been empanelled and sworn, it is too late to object to the reading of depositions of witnesses because they were taken on joint interrogatories and were answered jointly and not severally.

2. Under the 44th Rule of Practice for the Circuit Courts in Common Law Actions, objections to interrogatories, or to the form in which they are conceived, must be assigned in writing before the commission issues, or the deposition is taken.

3. Under section 1559 of the General Statutes of 1906, objections to the competency or credibility of the deponent and to the propriety of any questions put to him, or of any answers made by him, may be made when the deposition is produced, in the same manner as if the witness were personally examined on the trial.

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Carter & McCollum,* for plaintiffs in error;

*M. F. Horne,* for defendant in error.

PARKHILL, J.—The plaintiffs in error sued the de-

fendant in error in assumpsit in the circuit court for Suwannee county. The case came on for trial on the 18th day of November, 1907. A jury was empanelled, and the plaintiffs produced and offered in evidence depositions of R. P. Canon and W. G. Barnwell, plaintiffs herein, taken upon original and cross interrogatories. To the reading of the same in evidence the defendant then and there objected on the ground: "That the same were inadmissible because they were taken on joint interrogatories and were answered jointly and not severally by the said R. P. Canon and W. G. Barnwell." The court sustained the said objection and refused to allow the answers to said depositions to be read in evidence, to which ruling the plaintiffs excepted. This ruling of the court is assigned as error.

The 44th Rule of Practice for the Circuit Courts in Common Law Actions provides, "Objections to interrogatories, or to the form in which they are conceived, must be assigned in writing before the commission issues, or the deposition is taken." The word "conceived" as used herein means "expressed in a particular way;" "formulated." The objection made to the introduction of the depositions in evidence went to the form in which they were conceived, that is, that they were formulated or expressed in a particular way, to-wit: "they were taken on joint interrogatories and were answered jointly and not severally." Under Rule 44, this objection should have been made before the deposition was taken. 13 Cyc. 1012, 1013. The defendant waited too long before making this objection to the depositions. He waited until after the jury was empanelled and sworn in the trial of the case.

Objections to the competency or credibility of the deponent and to the propriety of any questions put to

him, or of any answers made by him, may be made when the deposition is produced, in the same manner as if the witness were personally examined on the trial, (§ 1559 of the General Statutes) ; but objections to the form of the depositions that do not go to the competency or credibility of the witness or to the propriety of any question must be made in time or the same will be waived. 6 Ency. Pl. & Pr., 591; 13 Cyc. 1025; Winters v. Winters, 102 Iowa 53, 71 N. W. Rep. 184, 63 Am. St. Rep. 428; International & G. N. Ry. Co. v. Prince, 77 Tex. 560, 14 S. W. Rep. 171, 19 Am. St. Rep. 795; Bent-Otero Imp. Co. v. Whitehead, 25 Colo. 354, 54 Pac. Rep. 1023, 71 Am. St. Rep. 140.

In view of the special circumstances of this case, too, the objection to the depositions offered herein should have been overruled. The depositions were taken upon the following agreement entered into in writing by the counsel for the respective parties:

"It is hereby mutually agreed between counsel representing the plaintiffs and the defendant, respectively, in the above entitled cause, that the answers of R. P. Canon, W. G. Barnwell and J. S. Canon to the attached original and cross interrogatories may be taken by any notary public in the city of Savannah, Georgia, and by him reduced to writing to be signed and sworn to by said witnesses and thereafter returned by the notary public to the clerk of the circuit court of Suwannee county, Florida, and the same may be used in evidence in the trial of this cause as though a commission was regularly issued therefor, it being understood that the issuance of a commission is hereby expressly waived.

It is further agreed that it shall be unnecessary for such notary public to give to either the plaintiff or de-

fendant any special or stated notice of the time and place of taking said testimony.

Signed this October 10th, 1907.

Carter & McCollum,
Attorneys for Plaintiffs.
J. L. Lee,
Attorney for Defendant.

The original interrogatories referred to and covered by this agreement were framed and propounded in this style: "Original interrogatories to be propounded to R. P. Canon and W. G. Barnwell, plaintiffs in the above cause and as witnesses in behalf of the plaintiffs, who reside in the city of Savannah, in Chatham county, Georgia. Interrogatory No. 1: You will each state your name, place of residence and business. Interrogatory No. 2. Do you know H. J. Green, lately doing business in Live Ooak, Florida, in the name and style of E. M. Green?"

The defendant crossed these interrogatories by propounding interrogatories framed after this wise: "Cross interrogatories to be propounded to R. P. Canon and W. G. Barnwell, plaintiffs in the above stated cause as witnesses for plaintiffs, who reside in Savannah, Georgia: Cross Interrogatory No. 1: "Did you have a written contract with the defendant, Green, with reference to this matter that is now in litigation? If so, attach such written contract to your answer to this interrogatory." We think the defendant by the written agreement herein and his conduct in respect to the taking of these depositions should be held to have waived any defect in the mere form thereof.

We do not wish to be understood, by what has been said, as holding that the depositions would be subject to the objection made thereto if seasonably made. There are highly respectable authorities to the effect that

depositions of several witnesses may be taken under one commission and one set of interrogatories.    9 Am. & Eng. Ency. Law (2nd ed.) 344; Howe v. Pierson, 12 Gray (Mass.) 26.

Upon the court's sustaining the objection and refusing to allow the depositions read in evidence, the plaintiffs elected to take a nonsuit, reserving the right to have the said ruling of the court reviewed by bill of exceptions by the Supreme Court.    Thereupon judgment was entered against the plaintiffs.    This judgment is reversed, for the error of the court in sustaining the objection to the interrogatories offered by the plaintiffs.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.