**HINES, Director General of Railroads, v. PAR-
SONS.   (No. 8365.)**

(Court of Civil Appeals of Texas.   Dallas.
April 10, 1920.   Rehearing Denied
March 15, 1920.)

1. **Railroads** ⟾281(2)—**Request by railroad
employé to blacksmith to ride on gasoline
motorcar held within apparent authority.**

Where an employé engaged to operate a
gasoline motorcar requested a blacksmith who
had repaired the car, the motor of which was
owned by the employé, to ride on the car to de-
tect any defect, *held*, that, under the circum-
stances, the employé was acting within the
scope of his apparent authority.

2. **Trial** ⟾261—**Correct instruction should be
requested.**

If an instruction is desired on a particular
issue, a correct one should be requested.

3. **Trial** ⟾194(19)—**Requested instruction on
contributory negligence held in effect a per-
emptory charge.**

Where it was claimed that plaintiff, a
blacksmith riding on a gasoline motor on rail-
road track, was guilty of contributory negli-
gence in remaining on the car, which was being
operated in the dark without lights, a requested
instruction on contributory negligence, in effect
a peremptory charge, was properly refused.

4. **Negligence** ⟾70—**Failure to anticipate neg-
ligence of another is not negligence.**

Failure to anticipate negligence on the part
of another is not negligence, and so one rid-
ing on a gasoline motorcar on defendant's track
is not negligent in failing to anticipate that oth-
er motors might be operated in the dark with-
out any light.

5. **Damages** ⟾132(7)—**$15,000 for injuries to
leg and crushing of ribs held not excessive.**

Where plaintiff, a vigorous, able-bodied
young man of 32, suffered injuries to his leg
which, with the crushing of his ribs, made him
a physical wreck, an award of $15,000 damages
cannot be held excessive.

Appeal from District Court, Hunt Coun-
ty; A. P. Dohoney, Judge.

Action by J. F. Parsons against Walker
D. Hines, Director General of Railroads.
From a judgment for plaintiff, defendant ap-
peals.   Affirmed.

Chas. C. Huff, of Dallas, and Dinsmore,
McMahan & Dinsmore, of Greenville, for
appellant.

Clark & Sweeton, of Greenville, for appellee.

RAINEY, C. J.   The statement found in
appellant's brief is correct, and we adopt
same as follows:

"This is a suit brought in the district court
of Hunt county by appellee for personal in-
juries alleged to have been received by him while
riding upon a car driven by a gasoline motor
upon the track of appellant, in the nighttime,
caused by the collision between the car upon
which he was riding and another motorcar trav-
eling in the opposite direction.   The case was
tried at the May term, 1919, of the district
court of Hunt county by Hon. A. P. Dohoney,
district judge of the Sixty-Second judicial dis-
trict, with the aid of a jury, and the trial re-
sulted in a verdict and judgment for the plaintiff
for $15,000.   Appellant filed an original and an
amended motion for a new trial, which was
overruled by the court, and the appellant ex-
cepted and gave notice of appeal, and has
brought the case to this court for review.

"Plaintiff alleged in his petition that he was a
blacksmith and worked in his shop at Dixon, in
Hunt County, Tex.; that on December 2,
1918, agents and employés of appellant who
were in charge of and operating a motorcar
over the railroad employed plaintiff to make
some repairs on the motorcar, and plaintiff made
said repairs in his shop at Dixon, and that
after the repairs were completed appellee, at
the request of the agent and employés above
mentioned, went with them on the car from Dix-
on to Lone Oak and return in order to determine
whether the car was in good repair and good
running order; that while en route from Dixon
to Lone Oak, in the nighttime, the car on which
appellee was riding collided with another car
driven in the opposite direction, and that by
said collision appellee was seriously and per-
manently injured.   The negligence charged was
that neither of the motorcars which collided was
equipped with a headlight or any other kind
of light, or with any character of signal to
give any warning of its approach; that the
persons operating the motorcars failed to keep
a lookout for persons on the track; and that
both of the motorcars were being operated at
a dangerous rate of speed.   Appellee alleged
injuries as follows:   'The mashing, bruising,
laceration, and tearing of the bones, muscles,
ligaments, tendons, and nerves of the left leg,
from which a stiff knee resulted; the bruising,
laceration, mashing, and tearing of his left
side and the crushing and caving in of three
lower ribs in the left side; the injuring of his
left chest over the left lung, from which hemor-
rhages of the lungs resulted.'   The defendant
answered by general demurrer, general denial,
and by special plea charging that appellee at
the time of his injury was on appellant's prem-
ises without his knowledge or consent, and that
he was not performing any service for appellant,
but was engaged in the pursuit of his own pri-
vate business, and that he was a trespasser
upon defendant's railway track, that the motor-
car on which appellee was riding at the time
of his injury was not then, and had not been, for
some months, under the control or management
or use of appellant, that if appellee repaired
the motorcar he did not perform the work at
the request of appellant, or for appellant's bene-
fit, that the motorcar at the time appellee was
injured was not being used in any wise in the
service of appellant, or with his knowledge or
consent, or for his benefit, but for the private
ends and purposes of the persons then using it,
and without authority or knowledge of appel-
lant, and that appellee was not riding upon the
motorcar at the invitation or request, or by the
procurement, or with the knowledge or consent,
of appellant, and also answered by plea of con-
tributory negligence, and also by plea that any

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

injury plaintiff received was slight and temporary only, and that any serious disease or ailment from which appellee may have afterwards suffered was caused, or existed, prior to the accident, or resulted from conditions existing prior to the accident."

The evidence establishes all of the material allegations in plaintiff's petition, and shows liability on the part of appellant.

It is contended by appellant, in substance that the burden was upon appellee to establish by evidence that E. M. Pace, driver of the motorcar, and who is charged with culpable negligence by appellant, was at the time engaged in appellant's business, and was acting within the scope of his authority; and also contended that said Pace was not acting for appellant in having said motorcar repaired, or in inviting appellee to ride upon said motorcar, or engaged in any business of appellant, and was not acting within the scope of his authority from appellant or with the knowledge or consent of appellant, and that the court erred in refusing peremptory instruction No. 2 to the jury for appellant.

[1] The contention of appellant was correct if the evidence adduced was only susceptible of such a construction, but, if we understand it, it shows that at that time said Pace was in the employ of appellant, having been engaged by J. F. Pace, a section foreman, who was authorized to employ and discharge. At that time J. F. Pace had placed E. M. Pace in charge of the car to run it from Dixon to Lone Oak, and operating the car was familiar to E. M. Pace, as he had operated it on that day and at other times, and the motorcar was out of repair, and said Pace had called on appellee to make some repairs on the motorcar, which appellee had done, he being a blacksmith, and appellee had been asked by said E. M. Pace to ride on said car for the purpose of testing out said motorcar, which he was doing when injured through the negligence of an employé driving another motorcar traveling quite rapidly in an opposite direction from the one in which appellee was on, said car having no light on it. The motor used on the car was owned by J. F. Pace, and the car was used in the business of the appellant.

We are of the opinion that the evidence shows that E. M. Pace was acting within the scope of his apparent authority, and the court did not err in refusing requested charge No. 2. Prince v. Railway Co., 64 Tex. 144; Railway Co. v. Prince, 77 Tex. 560, 14 S. W. 171, 19 Am. St. Rep. 795; Lumber & Supply Co. v. Phelps, 175 S. W. 743; Railway Co. v. Derby, 55 U. S. (14 How.) 468, 14 L. Ed. 502; Railway Co. v. Cock, 68 Tex. 713, 5 S. W. 635, 2 Am. St. Rep. 521.

[2-4] The second assignment of error is as follows:

"You are instructed in this case that the uncontroverted evidence shows that at the time of the alleged accident the plaintiff, J. F. Parsons, was voluntarily riding on a motorcar on defendant's line of railroad between Dixon and Lone Oak, and that it was dark and the plaintiff knew that the car was being run and operated without lights, and he was therefore guilty of contributory negligence in remaining on said motorcar when the same was being operated without light and you are therefore instructed to return a verdict for the defendant."

There was no error in refusing to give this charge. It requested the court to give a peremptory charge. Said charge was not correct, and if a charge on contributory negligence was improper at all, a correct one should have been asked, and been left to the jury to say whether under the circumstances appellee was guilty of contributory negligence. Railway Co. v. Shetter, 94 Tex. 196, 59 S. W. 533; Railway Co. v. Gray, 65 Tex. 32; Lumber & Supply Co. v. Phelps, 175 S. W. 742.

In the case of Railway Co. v. Gray, supra, it is said:

"It is not contributory negligence not to anticipate that another will violate the law in a given particular and in not providing against such possible violations of it. 2 Thompson on Neg. p. 1472, § 18. Though the rules of the company may have required that the handcar keep out of the way of trains, and send out flagmen when by reason of short curves risk was involved, it certainly was not contemplated that they should anticipate danger when it could not possibly arise except by reason of a violation of rules on the part of the trainmen, and, through them, of the company itself. The handcar was upon the track at a time when, in the proper discharge of its duties, it was likely to be there. With the knowledge of this fact the employés of the train were chargeable."

And in the case of Lumber & Supply Co. v. Phelps, supra, to wit:

"Conceding that Mrs. Phelps was only a licensee, and was therefore bound to accept the roadbed, car, and equipment in the condition in which she found them when she took passage thereon, she did not by going upon said car assume the risk of injury caused by the negligence of the operator of the car, and it was the duty of Iverson, who was operating the car, to use ordinary care to prevent injuring any person who was lawfully thereon."

In Railway Co. v. Shetter, supra, it is said:

"In other words [it is contended] the brakeman must have known that plaintiff was in danger because he was about to do a negligent and dangerous act. We think it well settled that one person is not bound to anticipate negligent conduct on the part of another, and therefore that a jury would not be justified in finding that the brakeman, before he saw plaintiff actually in danger, knew that he was negligently going into danger."

[5] Appellant also assigns as error the excessiveness of the verdict. The evidence shows that the result of appellee's injuries resulted in causing him to become a physical wreck, while at the time of his injury he was a stout, healthy, able-bodied young man 32 years of age. The testimony was sufficient to warrant the amount of the verdict.

Other assignments of error are presented, all of which have been examined, but we find none containing a reversible error.

The judgment is affirmed.