### CHILDRESS v. PYRON et al.    (No. 7588.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1926. Rehearing Denied June 23, 1926.)

**1. Exchange of property ⬲8(3)—Under allegations of false representations as to value and irrigabiltiy of land, admission of evidence as to its rough and rocky and untillable character, and that it did not contain water represented, held not error.**

In suit for rescission of agreement for trade of property, under allegations of misrepresentations of value, in that portion of land was irrigable and highly improved, evidence as to rough, rocky, and untillable character of greater portion, and that there was no spring of everlasting water as represented, held admissible.

**2. Trial ⬲350(3).**

Submission of special issue whether vendor made any material false representation of fact with intent that purchasers rely thereon held in view of evidence, not fundamental error as authorizing jury to consider representations, not pleaded.

**3. Appeal and error ⬲230.**

Under Rev. St. 1925, art. 2185, appellate court will not consider objections to charge of trial court unless presented before charge is read to jury, whether alleged error is fundamental or not.

**4. Appeal and error ⬲882(14).**

Party proposing special issue cannot complain that similar issue was presented by court.

**5. Pleading ⬲236(6)—Allowing trial amendment to seek damages from fraud alleged instead of rescission of trade so as to put parties in statu quo held not abuse of discretion.**

In suit for rescission of contract for trade of property, allowing trial amendment seeking judgment for damages from fraud alleged in petition instead of rescission of trade attempting to put parties in statu quo held not abuse of discretion, especially as full rescission would have been impracticable.

**6. Trial ⬲350(3)—In suit to rescind trade of property for misrepresentation, refusal to submit issue as to any investigation by plaintiff other than representations of defendant held proper.**

In suit for rescission of trade of property on ground of false representations, refusal to submit issue of whether plaintiffs made any investigation as to value other than defendant's statements held proper because merely evidentiary issue, and not ultimate issue affecting judgment.

**7. Trial ⬲351(2)—When proper issues are not presented and requested, error cannot be predicated upon court's failure to submit improper issue.**

Litigant's right to have his theory presented will not be abridged when requesting proper issues setting forth theory, but error cannot be predicated on failure to submit improper issue, where proper issues are not requested.

**8. Appeal and error ⬲216(6).**

Objection to refusal of charge, if not fundamental error, is too late in appellate court.

**9. Trial ⬲352(4)—Where defendant sought neither rescission nor damages but opposed rescission, issue as to false representations by plaintiff held properly refused because not raised.**

In suit to rescind trade of property, where defendant sought no affirmative relief and alleged no fraud, but defendant against rescission, requested issue as to any false representations by plaintiff held properly refused because not in case.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Suit by G. A. Pyron and others against H. B. Childress. Judgment for plaintiffs, and defendant appeals. Affirmed.

Bruce W. Teagarden, of San Antonio, and E. P. Scott, of Corpus Christi, for appellant.

H. S. Bonham, of Beeville, and J. C. Russell, of Sinton, for appellees.

COBBS, J. Appellees sued appellant for rescission and cancellation of a trade made between the Pyrons and Childress on or about December 22, 1923. Pyron traded to Childress a store and confectionery business in Aransas Pass for the transfer to appellees of a 640-acre section of land in Brewster county. As part of the trade Childress assumed to pay the debts of appellee against the business, and appellees delivered their note to Childress in the sum of $2,000, which note appellant transferred to appellee Ullmann, Stern & Krausse, Inc., as collateral to secure a debt of Childress held by the said corporation. The cause of action was predicated upon certain fraudulent, false representations made by appellant, Childress, to appellee Pyron to bring about the sale and exchange of the property upon which appellee relied.

The cause was tried with a jury upon special issues, which were found in favor of appellees, upon which the court entered judgment cancelling said note and allowing a money judgment against Childress, from which judgment Childress brings his appeal to this court.

The first complaint or proposition of appellant is as to the following special issue given to the jury:

"Did the defendant, H. B. Childress, during negotiations leading up to the trade between

plaintiffs and defendant, and prior to the consummation of said trade, make any material false representations of fact to plaintiffs, or either of them, with the intention of him, the said Childress, of having said plaintiffs rely on such false representations? Answer this question 'Yes' or 'No.' "

Appellant contends that the issue was erroneous, because in such question the jury was authorized to consider any misrepresentation, whether pleaded or not.

The right of recovery is based upon the fraud of appellant that induced the trade; misrepresentations with reference to the value and character of the Brewster county land, for the exchange of a stock of goods and a $2,000 note. The petition pleaded several different material facts employed by appellant, Childress, to secure the trade, such as that the tract of land in Brewster county was a very valuable tract of land and in a highly improved condition, and went into details in mentioning some of the acts of fraud and misrepresentations, such as that "his equity in said tract of land was worth at least $10 per acre in addition to the amount due the state," and it was averred that appellees relied upon all these statements and misrepresentations, which caused him to enter into the trade.

The testimony showed that Childress stated the 640 acres abutted the Rio Grande river, with 35 or 40 acres in cultivation, and had grown a bale of cotton to the acre one year, and had three houses on it, an adobe house 40x40, two rock houses 16x24, "or something like that; that it had an everlasting spring, a valley with 200 acres in it ready to plow already cleared;" and that the statements were made by Childress upon his own knowledge.

[1] This testimony was shown to be untrue, and that the land was rough and rocky and mountainous and not tillable. There was practically 59.6 acres almost level, but nothing like 200 acres, and there was no spring of everlasting water. The evidence was admissible upon the issue of whether or not Childress had misrepresented the value of this tract of land, which was the fundamental issue to be established as showing the fraud. There was much testimony on the question of fraud which supports the finding of the jury.

[2] We do not think the submission of the issue of fraud complained of constitutes fundamental error, because the record contains evidence that there was false representation to the effect that 200 acres of the land was irrigable. The pleading set out that the land was represented to be very valuable and in a highly improved condition, and the purpose of the testimony was to show the false representation as to the value of the land. There are no facts which could have been considered by the jury that the pleading does not sufficiently cover, and there was no injury done to appellant by showing the false statement as to the amount of the land that was irrigable, and as to its value and improved condition.

[3] Article 2185, R. S., provides that objections to the court's charge "shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." It will not do to say that the statute does not apply where the error in the charge is fundamental, as claimed here. This statute applies to every erroneous charge, real or imaginary. Texas Electric Ry. Co. v. Barton (Tex. Civ. App.) 213 S. W. 689; Tex. Electric Ry. Co. v. Crump (Tex. Civ. App.) 212 S. W. 827; Loeb v. Texas & N. O. R. R. Co. (Tex. Civ. App.) 186 S. W. 378.

[4] Appellant, in his list of objections made to the special issues that were submitted by the court, instead of urging the objection now complained of to special issue No. 1, should have submitted a correct one. Appellant's said question No. 1 reads as follows:

"Did the defendant, H. B. Childress, during the negotiations leading up to the trade between plaintiffs and defendant and prior to the consummation of said trade knowingly make any material false representations of fact to plaintiff with the intention of him, the said Childress, having said plaintiffs rely on such false representations? Answer yes or no. Answer: ———."

In so far as the complaint now made against special issue No. 1 is concerned, appellant, in his objections, affirmatively requested the court to submit this issue in exactly the form in which it was submitted, and appellant therefore now certainly is in no position to complain that the court adopted his suggestion. The said assignment and proposition are without merit and are overruled.

Appellant complains that, inasmuch as the cause was for cancellation and rescission, the court erred in permitting appellees to file a trial amendment for partial rescission, cancellation and damages. And further, that the court should have reinvested the title to the Brewster county land in appellant, and the failure so to do is an error fundamental on the face of the record. This was not error.

[5] There was no abuse of the discretion of the court in allowing appellees to file the amendment complained of and to seek a judgment sounding in damages growing out of the alleged fraud instead of the rescission of the trade, so as to put each party in statu quo. Under the pleadings as they stood before amendment the same relief could have been had.

The appellant claimed no surprise nor asked for a postponement of the trial, and he made no motion for a continuance to secure evidence to meet the changed pleading, if there was any. It was a very proper amendment, for it is doubtful that the equi-

ties could otherwise have been adjusted or a full rescission be accomplished. It was impracticable, if not impossible, for appellee to show the value of the stock of goods on hand in the store or prove the value of the fixtures at the time of trial. Appellant made no showing as to the value of the stock of goods on hand. This knowledge was all peculiarly within the breast of the defendant, and appellees were not required to make this proof, if indeed he could after two or three years' use of the same by appellant. There was no harm done by the court, because it was germane to the original pleading, and the trial court, in exercising its equitable jurisdiction, would have been compelled anyway to ignore the plan of rescission and resort to its equitable power to administer the law as well as the equity of the case. The court in adjusting the equities left the title to the land in appellees. Such action was necessary for a proper adjustment and constituted no fundamental error.

[6, 7] The appellant claims it was error in the refusal of the court to give the jury the special instruction No. 1:

"Did the plaintiffs Pyron make any investigation as to the value of the land other than the statements made by the defendant, Childress, before the deal was finally consummated? Answer yes or no."

Such a charge is an attempt to submit an evidentiary issue so that an answer from the jury would have determined no material issue in the case nor served as the basis of any judgment. This was not a submission of any ultimate issue that would have affected the judgment. The issue that related to the alleged fraud was properly submitted to the jury by the court in its charge. The appellee may have made some prior investigations, and yet in making the trade relied either in whole or in part upon the false representations of material facts made by appellant, and which were the inducing cause of the trade. Of course the fraud, where discovered, entitled appellee to have the trade canceled and set aside, or to recover his damages. Of course the right of a litigant to have his theory of the case presented will not be abridged when requesting proper issues setting forth his theory, but when no such issues are presented and requested, error cannot be predicated upon the court's failure to submit an improper issue.

Appellant insists that if such issue was not correctly presented it thus operated as a request for a proper charge. It would seem that the court did this very thing when he submitted the issue as to whether or not plaintiffs in making the trade relied, either in whole or in part, on any false representation of material facts made to them by defendant.

[8] If there was error in refusing the charge it was not fundamental error and comes too late in this court. Gulf Coast Transp. Co. v. Standard Milling Co. (Tex. Com. App.) 252 S. W. 751; Waggoner v. Zundelowitz (Tex. Com. App.) 231 S. W. 721; Pullman Co. v. G. C. & S. F. Ry. Co. (Tex. Com. App.) 231 S. W. 741; Hines v. Parsons (Tex. Civ. App.) 221 S. W. 1027.

[9] Appellant complains in the fifth proposition that the court erred in refusing to give requested issue No. 2 as to whether plaintiff made any false representations to defendant, Childress, with regard to the indebtedness due by the Harbor Confectionery and the creditors. This was not an issue in the case. The appellant did not sue for a rescission of the contract because of any alleged fraud perpetrated by appellee, but, on the contrary, defended against a rescission. He sought neither a rescission nor damages by reason thereof. Durham v. Scrivener et al. (Tex. Civ. App.) 259 S. W. 606.

The note in question was held by Ullmann, Stern & Krausse as an innocent holder to the amount of the indebtedness due that firm by H. B. Childress, $342.50 and interest, and we do not feel inclined, for any reason shown, to disturb the judgment on that issue and attorney's fees.

Appellant's contention is that the court erred in overruling defendant's plea in bar to plaintiffs' right to prosecute this suit upon the ground that plaintiffs had not complied with the assumed name statute. That question has been settled against appellant's contention in Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036, and followed in a number of cases, some by this court.

We think this case has been fairly tried, and the equities between the parties are adjusted as nearly right as is possible to do.

A careful examination and investigation of the questions of law presented convince us there is no reversible error shown, and they are overruled, and the judgment is affirmed.