### W. N. BARKER ET AL. V. MERCHANTS NATIONAL BANK.

#### No. 518.

**Conflict in Decisions as Ground for Writ of Error.**

> An order was made in the District Court, as follows: "This day came on to be heard the motion to set aside the judgment rendered in the above cause and to reinstate the same upon the docket of the court. Both the plaintiff and the defendants being represented by counsel, and the motion being heard, it is hereby ordered, adjudged, and decreed by the court, that the case be reinstated, upon the condition that the plaintiff pay all costs that have accrued in said cause up to date, together with the costs of this order, and that the case is to be continued to the next term of this court upon application of plaintiff." This order on appeal was affirmed by the Court of Civil Appeals, the court in its opinion recognizing the rule in Secrest v. Best, 6 Texas, 199, that an order reinstating a case or granting a new trial must be absolute and not contingent upon payment of costs, and holding that the order which set aside the former order of dismissal, and which reinstated the case, was not conditional, but was absolute. *Held*, that this decision was merely upon the construction of the order, and whether right

or not, it was not in conflict with the rule which it recognized. The action
of the Court of Appeals did not confer jurisdiction by writ of error to Su-
preme Court ....................... ........................... 437

APPLICATION for writ of error to Court of Civil Appeals for Second
District, in an appeal from Wilbarger County.

The opinion gives the facts.

*Thomas P. McGhee,* for application.

GAINES, CHIEF JUSTICE.—The Merchants National Bank of Fort
Worth brought this suit against W. N. Barker and others, applicants
for the writ of error.   On the 7th day of April, 1891, the suit was dis-
missed for want of prosecution, but at the same time was reinstated on
motion of the plaintiff below, the defendant in this application.   At
the next term of the court the defendants moved to strike the case
from the docket, on the ground that the order reinstating the case was
conditional.   The motion was overruled and the case went to trial,
and resulted in a judgment for defendants.

The plaintiff sued out a writ of error to the Court of Civil Appeals,
and the defendants by a cross-assignment complained of the ruling of
the court in refusing to grant the motion to strike the case from the
docket.   The Court of Civil Appeals found error prejudicial to the
plaintiff in the rulings of the court upon the trial of the cause, and
held the motion to strike the cause from the docket was properly over-
ruled.   The judgment was accordingly reversed and the cause re-
manded.

In order to show jurisdiction in this court, the applicants claim in
their petition that the ruling of the Court of Civil Appeals upon the
motion to reinstate is in conflict with the decision of the Court of Civil
Appeals for the Fourth Supreme Judicial District in the case of Har-
grove v. Boero, reported in 23 Southwestern Reporter, 403.   We think
the conflict is apparent, and not real.   In deciding the question in the
present case, the Court of Civil Appeals recognized the rule first laid
down in Secrest v. Best, 6 Texas, 199, and followed in Hargrove v.
Boero, namely, that an order reinstating a case or granting a new trial
must be absolute, and not contingent upon the payment of costs by the
party in whose favor it is granted.   They held, however, that the order
which set aside the former order, at the same time dismissing the
cause, and which reinstated the case upon the docket, was not condi-
tional, but was absolute.   That order is as follows:   "This day came
on to be heard the motion to set aside the judgment rendered in the
above cause, and to reinstate the same upon the docket of the court.
Both the plaintiff and the defendant being represented by counsel, and
the motion being heard, it is hereby ordered, adjudged, and decreed

by the court, that the case be reinstated upon condition that the plaintiff pay all costs that have accrued in said cause up to date, together with the costs of this order; and that the case is to be continued to the next term of this court, upon application of the plaintiff." The order passed upon in Hargrove v. Boero reads as follows: "Defendant's motion this day filed, to set aside judgment rendered April 5, 1890, in this cause, coming on to be heard, together with plaintiff's affidavit in contravention, came the parties by their attorneys, and the argument of counsel being heard, it is considered by the court that said judgment be set aside, conditioned, however, that defendant, G. B. Boero, before the expiration of this term of court, pay all costs that have accrued during the pendency of this appeal to this date, otherwise said judgment to remain in full force and effect." This order is clearly conditional, and, as it seems to us, is not open to construction. But whether it was the intention of the court by the former order to reinstate the case absolutely and merely to tax the plaintiff with costs, or to make its reinstatement dependent upon the payment of the costs, is a question which can only be determined by construction. This was the question decided by the Court of Appeals in the present case; but it is quite a different question from that determined by the court in the former case. It follows, that the decision in the present case does not overrule the decision of the Court of Civil Appeals for the Fourth District in the case of Hargrove v. Boero. Nor, as we think, does it overrule the decision of this court in the case of Secrest v. Best, above cited.

The question before us is not whether the Court of Civil Appeals properly construed the order under consideration or not, but whether they ruled differently from this court or another Court of Civil Appeals upon the same point. We think they did not, and that therefore we have no jurisdiction over the case.

The application for a writ of error is accordingly dismissed.

*Application refused.*

Delivered January 21, 1895.