### JAMES SLOAN v. JAMES L. KING.

Decided June 25, 1902.

**Boundary—Deed—Parol Agreement to Vary.**

Evidence can not be received to show a parol agreement by the parties to a deed, contemporaneous with its execution, that the boundary lines of the land conveyed should run elsewhere than where the calls in the deed fix them.

Appeal from San Saba. Tried below before Hon. M. D. Slator.

*Rector & Brown,* for appellant.

*P. M. Faver,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a boundary suit. We sustain the first assignment of error, which complains of the ruling of the trial court in permitting the plaintiff and two other witnesses to testify in substance that at the time William Thaxton conveyed the land to the plaintiff's father, under whom the plaintiff claims, it was agreed between them that the line now in dispute should run as claimed by the plaintiff in his petition. In the petition, the line in dispute is described as running from a marked corner. Thence north 51 degrees east, 975 varas to a stake in the east line of survey No. 64, from which a mesquite bears north 11 west, 7 varas. Thence north 270 varas to the place of beginning; which beginning point is described as a pile of stone the northeast corner of survey No. 64, from which a mesquite

bears south 60 east 6 varas. The deed from Thaxton to the plaintiff's father calls for the first corner above described. Thence north 51 degrees east 975 varas to a stake in the south line of survey 65 set for the northeast corner of survey No. 64, from which a mesquite bears south 60 east 6 varas.

The following plat will illustrate the line in dispute:

No. 65.

E

F

N. 40° 45' E. 1126r.

N. 51 E. 893 v 249

D

No. 64.

The corners marked D and E call for bearing trees found upon the ground; so that there can be and is not any dispute as to the identity and location of these two corners. In fact, these are conceded corners; and the appellant contends that the line in dispute should run straight from D to E, regardless of course and distance; while the plaintiff contends that it should run from D north 51 degrees east to the east line of survey No. 64, and thence north to E. The line asserted by the appellant does not conflict with any descriptive calls in the deed, except those for course and distance; while the lines asserted by the

appellee interpolate into the deed, as descriptive calls, the corner marked F, and from that point another and different course and distance from any called for in the deed. In other words, the effect of the testimony offered by the plaintiff and objected to by the defendant is to correct the deed under which the plaintiff claims; which correction can not be made in this suit. It might be made in a suit brought for that purpose and against the proper parties.

There is no ambiguity upon the face of the deed; and while there is a conflict between the calls for marked corners, as found upon the ground, and course and distance, such conflict is no obstacle to the ascertainment of the true location of the line. The latter calls must yield to the former, and the line must be run straight from one corner to the other; and parol evidence was not admissible for the purpose of showing a contemporaneous agreement to the effect that it should not be so run. Of course, if subsequent to making the deed the parties agreed that the line was elsewhere, such agreed line may control.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*