Finding no error in the record, the judgment is affirmed.

PRENDERGAST, J., not sitting.

---

MEXICAN CENT. RY. CO. et al. v. RODRIGUEZ.†

(Court of Civil Appeals of Texas. Jan. 4, 1911. Rehearing Denied Jan. 25, 1911.)

1. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

In an action for personal injuries by being struck by defendant's train in a street, a witness who saw the accident testified that he saw something that looked like it was falling on the track and had been hit, but did not know what it was, that "at the time I saw it it looked like it all occurred at once. He was hit by part of the train, * * * but I could not see what it was. It was some part of it." *Held*, that the testimony was as to a fact and not a conclusion or opinion, being as to what witness saw and the manner in which he saw it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. TRIAL (§ 98*)—ADMISSION OF EVIDENCE—ACTION OF TRIAL COURT—SUFFICIENCY.

Defendant's request that evidence be excluded as incompetent was sufficiently complied with so as not to make its admission reversible error where the court charged that the jury should not consider such testimony for any purpose.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193, 249; Dec. Dig. § 98.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR.

Defendant cannot complain on appeal of the admission of certain evidence where another witness testified without objection on cross-examination by defendant to the same facts.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

4. NEGLIGENCE (§ 85*)—CONTRIBUTORY NEGLIGENCE—CHILDREN.

A five year old boy cannot be charged with contributory negligence unless he is shown to have realized his danger so as to understand the consequences of his conduct.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

5. NEGLIGENCE (§ 141*)—ACTIONS—INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE OF CHILD.

An instruction that a five year old child is not held to the same degree of accountability for his negligent acts as an adult man is proper.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 141.*]

6. RAILROADS (§ 401*)—INJURIES—ACTIONS—INSTRUCTIONS.

In an action for personal injuries by being struck by defendant's train in a street, the court instructed in the sixth paragraph of the charge, which was introductory to the main charge, that a railroad company was bound to exercise ordinary care to discover and avoid injuring persons who might be upon or near its track, the degree of such care being such as one of ordinary care would commonly exercise under like circumstances, and varying as the known probabilities of danger might vary along different parts of its tracks, and that under the city ordinances railroad companies were required to give a signal of the approach of trains over and across public streets, and failure to do so or to use such care to avoid injuring persons who might be close to the track was negligence. The seventh paragraph, which covered the facts of the case, authorized a finding for plaintiff only if defendant failed to keep a lookout ahead to discover and warn persons who might be struck by the train, and required a finding for defendant if plaintiff was attempting to catch hold of the passing train when injured. The first part of the charge contained in the sixth paragraph was objected to on the ground that defendant was not bound to keep a lookout except to the front of the train. *Held* that, even if the objection was tenable, the charge did not misstate the law so as to mislead the jury, to defendant's prejudice.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. § 401.*]

7. RAILROADS (§ 401*)—INJURIES—ACTIONS—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where, in an action against a railroad company for personal injuries by being struck by a train, the evidence did not show that the accident could have been caused by the speed at which the train was running, a requested instruction that the rate of speed was not the proximate cause of the accident, and the jury could not find for plaintiff because the train was running beyond a certain speed, was properly refused.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 401.*] .

8. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR.

In an action for personal injuries by being struck by defendant's train in a street, defendant requested a charge that if plaintiff was struck by the front end of the train as claimed, but that he was, under all the circumstances, considering his age and intelligence, guilty of negligence proximately contributing to his injuries, the jury must find for defendant. *Held*, that defendant could not complain on appeal of an instruction submitting to the jury the question whether plaintiff's negligence contributed to the injury,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

defendant having contributed to any error in that respect by its own request.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

9. APPEAL AND ERROR (§ 1033*)—ERROR FAVORABLE TO PARTY COMPLAINING—INSTRUCTIONS.

In an action for personal injuries by being struck by defendant's train in a street, the court instructed that to authorize a finding for plaintiff the jury must find that he was injured by defendant's negligence as alleged, and not by his own negligence, and that, if he was injured through his own negligence in attempting to steal a ride or board the train while it was in motion, the jury should find for defendant. *Held*, that defendant could not predicate error upon the failure to give a special charge grouping the grounds of contributory negligence; the charge given being more favorable than that requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4057; Dec. Dig. § 1033.*]

10. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

A requested charge covered in substance by instructions given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by Paula Rodriguez, as next friend of Miguel Lira, against the Mexican Central Railway Company and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Waters Davis and J. M. Goggin, for appellant. Patterson & Wallace, for appellee.

JAMES, C. J. This action was brought by Miguel Lira, by next friend, his mother, for damages for personal injuries sustained by him on account of alleged negligence of defendants, the Mexican Central Railway Company, Limited, and the Ferrocarriles Nacionales de Mexico. It was pleaded that Miguel was walking along defendant's track, on a public street in El Paso, when defendant's train was backed upon him and he was injured, that defendants were negligent in operating the train at a high rate of speed without ringing the bell, or blowing the whistle and without having a lookout on the end of the train, by reason of which the injury occurred. Defendants pleaded general denial, and contended that plaintiff was not struck by the front end of the train, but was attempting to ride on the train, and fell beneath the fourth car from the engine, after the head end of the train had passed; the train being composed of 50 cars and more than a third of a mile in length. There was a verdict for plaintiff for $9,000.

We conclude from the testimony that there was evidence to warrant finding that Miguel Lira, a boy five years of age, was injured upon a public street and thoroughfare by defendants' train, along which it ran, and which train was being backed into El Paso from Mexico; that he was struck and run over by the end car which was being pushed forward; that his injury was due to negligence of defendant, without contributory negligence on the part of the boy. These conclusions with reference to the testimony dispose of the first assignment of error.

The second assignment is that there was error in permitting plaintiff's witness Norris to testify: "I saw something that looked like it was falling right on the track, like it had been hit. I did not know what it was. I could not tell. At the time I saw it, it looked like it all occurred at once. He was hit by part of the train undoubtedly, but I could not see what it was. It was some part of it." This was objected to and asked to be stricken out as an opinion and conclusion of the witness, which objection the court overruled. In connection with this complaint, appellant presents the following testimony of the witness drawn out upon cross-examination: "Question: Suppose that the boy had been stealing a ride on the car and fell off just at the bridge, tried to get off at the bridge and fell off instead of being hit by the car, you could not tell whether he fell off or was actually struck? Ans. I could not tell. I can say this much, he was not in the place to fall off or hang on, but was hit, I think, by the front end of the car at the time I saw him fall. Question: That is what we are objecting to, what you think. We want to know just what you saw. You could not see from that distance whether he was struck by anything, or whether he fell from some other cause. You will not undertake to swear that you saw anything bump up against that boy from that distance would you? Ans. No, sir; I would not, so far as that is concerned." The objection was renewed, and the court overruled it. Appellant's proposition is "that nonexpert witnesses upon matters of ordinary understanding must state facts, and not conclusions." The witness stated that he did not know at the time he saw the occurrence that it was a boy, but he saw something fall, and afterwards went over there, and the boy was lying there. The substance of what the witness related was what he saw and as he saw it. He was stating a fact, and not an opinion or conclusion. The assignment is overruled.

The third assignment is that the court erred in permitting the same witness to testify upon cross-examination in answer to the following question: "Were they (the people attracted by the accident) not running after Mr. Thomas looked up, and didn't he look up immediately? Yes, sir; he looked up and made a remark and says: 'There's nobody on the front end of that train.' He says, 'I ought to arrest them right now.' He said that when he looked up." Appellant objected on the ground that the answer in so far as

it gave what Thomas said was not responsive, and was improper and hearsay and asked that the same be excluded, which the court refused to do. It appears that the court charged the jury to not consider for any purpose that part of the testimony of Norris wherein he testified that Thomas stated that he ought to arrest the entire crew of the train in question. This conformed to defendant's request that far. It appears also that Roberts was a witness, and upon cross-examination by defendant he testified without any objection or motion to strike out that he stated on the occasion that he ought to pinch the whole bunch for backing that train over here without anybody on the back of it. This assignment, and also the fourth, are therefore overruled.

The fifth is that the court erred in charging that "a child of such tender years is not held to the same degree of accountability as an adult man," because this was upon the weight of evidence, argumentative, and took from the jury the right to determine the degree of accountability to which Miguel Lira should have been held, and that the jury should have been told only that it was for them to determine the degree of accountability, considering the boy's age and intelligence, and that the measure was what a child of reasonable care and prudence of the same age, intelligence, and experience would or would not have done under like circumstances, and that, if the court undertook to measure the capacity of Miguel by that of an adult man, it should have submitted the qualification in the standard that such adult man was one of ordinary care and prudence. It is suggested that the charge was more favorable to defendant than was proper. The boy was five years of age, and we doubt that in any case a child of that age can be charged with contributory negligence (see Railway v. Nesbit, 43 Tex. Civ. App. 630, 97 S. W. 827), and certainly not unless there is testimony of such intelligence and realization of danger as would indicate that the child was conscious of the consequences of its conduct. See Freeman v. Garcia, 121 S. W. 887, and cases cited. However, the complaint is of an instruction which has met the approval of the Supreme Court. Railway v. Ball, 38 Tex. Civ. App. 279, 85 S. W. 458. The instruction of the court was the same as that complained of in the last-mentioned case.

The sixth complains of the fifth paragraph of the charge, an introductory portion of the main charge, wherein, in speaking of the duties of defendant, it stated, among other things, that it was the duty of the railway company operating its engines and cars in a city to exercise ordinary care to discover and avoid injuring persons who may be upon or near its tracks and the degree of such care being such as a person of ordinary care would commonly exercise under like circumstances, and varying as the known probabilities of danger may vary along the different portions of its route over which it operates its engines and cars. "And you are further instructed that under the ordinances of the city of El Paso, Tex., railroad companies operating trains within the city limits are required to give some signal of the fact of the approach of its engines and trains over and across the public streets of the city, and failure to observe such ordinance or a failure to use such care and caution to avoid injuring persons who might be upon or in dangerous proximity to its tracks is negligence on the part of the railroad company, and its employés, for which such railroad company is liable in damages for injury directly resulting from such negligence." One proposition of appellant is that the language, "as the known probabilities of danger may vary along different portions of the route," etc., was erroneous because the degree of care required at all times was only ordinary care, and did not vary, no matter at what place the train might be moving. This criticism is based on some cautionary observations made by the Court of Civil Appeals of the Third District in Railway v. Hall, 92 S. W. 998. The case of Railway v. Hammer, 34 Tex. Civ. App. 354, 78 S. W. 708, passed directly on the propriety of the charge, the Supreme Court refusing a writ of error. Likewise in Railway v. Phillips, 37 S. W. 621; Railway v. Harvin, 54 S. W. 629. Appellant's contention at the trial seems to have been that the boy was not struck by the front of the train, but attempted to get on the train after the front of the train had passed. In view of this the criticism of the charge now in question is that there was no duty of defendant's employés to keep a lookout, except to the front of the train as it was moving, basing this chiefly upon what was announced in Railway v. Vallejo, 102 Tex. 70, 113 S. W. 5. We are not clear that this rule is applicable to the operation of trains upon streets in cities, but, admitting that it is, we conclude that the charge of the court, when duly considered, did not misstate the law in this respect so as to mislead the jury to defendant's prejudice. The portion of the charge against which the assignment is directed was a general instruction concerning duties of defendant, and does not occur in that part of the charge submitting the case to the jury to find for one or the other of the parties, in the event they found the relevant facts. The paragraph does not undertake to apply the duties as it defined them to the facts of the case. It does this, however, in the seventh paragraph, and there the jury were directed to find for plaintiff only in the event that defendant failed to keep a lookout ahead to discover and warn persons who might be endangered by such approaching train. The jury could not have been misled in view of the terms of this charge which was

the only authority given them by which to return a verdict for the plaintiff. This is made the more apparent by the fact that the jury were in the same connection charged to find for defendant outright, if the boy was attempting to catch hold of the passing train. We therefore overrule the first and third of appellant's propositions. There is also a second proposition, alleging error to which the charge complained of was clearly not subject.

The eighth assignment is that the court was in error in refusing the following instruction: "You are instructed that under the undisputed evidence the rate at which said train was traveling at the time and just before the said Lira was injured was in no way the proximate cause of the accident. You are therefore instructed that you can in no case find in favor of the plaintiff because of the rate of speed at which said train was traveling, if a rate of speed exceeding six miles per hour, at the time and just before the said Lira was run over and injured." The court did not submit the case on any question of negligence of defendant on account of excessive speed. There was testimony of speed in excess of what was enjoined by ordinance. A causal connection between the speed at which the train was moving and the accident cannot be said not to have existed in the evidence. For these reasons, there was no error in refusing the charge.

The ninth complains of the tenth paragraph of the charge, which was as follows: "If you believe from the evidence that said Miguel Lira was walking along the defendants' track or was attempting to cross the same, as claimed by him, and was knocked down by the cars and run over, but you further believe he was guilty of negligence as negligence is hereinbefore explained, in being upon the track at the time and place, or in walking along the track at the time and place, and under the circumstances, or if while he was on the track he was guilty of negligence in failing to use ordinary and proper care to exercise his faculties of seeing and hearing to discover the approach of said cars, and you believe that such negligence, if any, on the part of the said Miguel Lira proximately caused his being struck and injured, if he was, then you will return a verdict for the defendant, no matter whether you find the defendants' employés guilty of negligence contributing to cause such injury or not." The complaint against the above is that, if Miguel was guilty of any negligence in any of the respects submitted, the same necessarily contributed to his injury, and the question whether or not it contributed should not have been submitted. The error, if any, was contributed to by defendant. In the ninth charge requested by defendant on the subject of contributory negligence the same feature appears in this language: "Therefore, if you believe from the evidence that the said Miguel Lira was struck by the front end of the train, as alleged by him, but that in being where he was struck he was, under all the surrounding facts and circumstances, considering his age and intelligence, guilty of negligence proximately contributing to bring about his injuries, * * * your verdict must be for the defendant." See the said ninth requested charge in full. Besides, the question as it arises in this charge comes within the rule declared in the case of Parks v. Traction Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100, and Railway v. Campbell, 45 Tex. Civ. App. 231, 100 S. W. 170.

The tenth complains of the refusal of a request to instruct that, "in order that plaintiff may recover herein, you must find from the evidence that Miguel Lira was injured through the negligence of defendants in the respects pleaded by the plaintiff, and not through the contributory negligence of said Lira himself, and if you believe from the evidence that said Lira was injured through his own negligence in attempting to steal a ride upon the train, or in attempting to get upon the train for any purpose whilst in motion, you will find for defendants and so say by your verdict." Appellant's proposition is that it was the court's duty to give a special charge grouping the grounds of contributory negligence, when such charge is not covered by the charge of the court. Defendants cannot well complain of the refusal of the charge, when the court did better by them in unqualifiedly charging the jury to find for defendants if Lira attempted to steal a ride on the train, and caught hold of the same and tried to ride thereon, but in any way lost his hold and dropped under the wheels. The eleventh complains of the refusal of this instruction: "You are instructed that if you believe from the evidence that Miguel Lira was struck by the end of the approaching train, as alleged by him, but you further believe from the evidence that the said Miguel Lira, in response to a call from a companion, attempted to cross the track in front of the approaching train, and that his being struck and run over was not due to the negligence on the part of the defendants' servants in charge of said train, but due to his own act in attempting to cross the track in front of said train, if he so did, then and in that event your verdict will be for the defendant." The proposition is that it was "error to refuse a requested charge grouping the facts admitted by the plaintiff and relied on by defendants as ground for contributory negligence." The court gave the substance of the refused charge in giving the eleventh special request, which was as follows: "If you believe from the evidence that the defendants' head brakeman was keeping a reasonable and proper lookout on the end of the said first car at the time of and before reaching said bridge across the canal, and was exercising ordinary care to prevent and avoid injuring persons who might be upon

the track, but believe from the evidence that the said Miguel Lira moved across said track in front of said moving train, and in doing so was struck, without negligence on the part of those in charge of and operating said train, then and in that event your verdict will be for the defendants." Besides, the court in its charge very distinctly explained to the jury that unless defendants' employé or employés were guilty of negligence to find for defendants.

There is nothing in the requested charge which is the subject of the twelfth assignment, and which, if given, would not have been repetition of what was fully and clearly embodied in the main charge and the eleventh charge asked by defendants, which was given. The same is true of the request, the refusal of which is complained of by the thirteenth assignment.

The judgment is affirmed.