**FRICK v. INTERNATIONAL & G. N. RY. CO. et al. (No. 6082.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1918. Rehearing Denied Dec. 18, 1918.)

1. MASTER AND SERVANT ⬅89(3)—INJURY ON TRACK—TRESPASSER.

Employé of railroad company, injured while riding upon track in a motorcycle by invitation of another employé after working hours, motorcycle being run down by freight train, held a "trespasser."

2. APPEAL AND ERROR ⬅1067 — FAILURE TO DEFINE TERMS—HARMLESS ERROR.

In suit by employé to recover for injuries sustained while riding upon track in a motorcycle by invitation of another employé after working hours, instruction that plaintiff was a "trespasser," although quoted term was not defined, held without injury to plaintiff.

3. RAILROADS ⬅359(1)—DUTY TO TRESPASSER —INSTRUCTION.

Instruction that railroad company owed a trespasser no duty until his position of peril was discovered was erroneous.

4. APPEAL AND ERROR ⬅1068(1) — ERRONEOUS INSTRUCTION—HARMLESS ERROR.

Instruction that plaintiff was a trespasser on track, and that defendant railroad owed him no duty until his position of peril was discovered, although erroneous, and not in compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, as to definition of terms, cannot be said to have contributed to result where jury found in answer to only issue submitted that operators of train did not discover plaintiff's peril in time to have prevented injury.

5. TRIAL ⬅296(3) — MISLEADING INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.

Contention that from special instruction given jury might have believed that railroad company owed plaintiff employé no duty, even after discovering his peril, is not tenable, in view of instruction that duty of operators of train to use ordinary care was not diminished or dispensed with because of the fact that plaintiff might have been wrongfully upon the track.

6. APPEAL AND ERROR ⬅213—FAILURE TO SUBMIT ISSUE—REVIEW.

Contention that court erred in overruling appellant's exception to main charge cannot be sustained, where bill of exception discloses that objection was to omission alone, since, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, failure to submit an issue is not ground for reversal, unless submission was requested in writing.

7. EVIDENCE ⬅471(24)—QUESTION CALLING FOR CONJECTURAL CONCLUSION.

Question as to what might have happened if something had been done, which witness testified had not been done, called for a conjectural conclusion.

8. APPEAL AND ERROR ⬅1058(1) — EXCLUSION OF QUESTION—HARMLESS ERROR.

Where all facts which might have been elicited by question calling for conjectural conclusion, if in proper form, were testified to without objection, there was no injury to appellant because of exclusion of question and probable answer.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Emil H. Frick against the International & Great Northern Railway Company and its receivers. The cause was tried with a jury upon special issues. The jury answered the issues against plaintiff, in accordance with which judgment was rendered, and plaintiff appeals. Affirmed.

Perry J. Lewis, Champe G. Carter, Randolph L. Carter, and H. C. Carter, all of San Antonio, for appellant.

John M. King, of Houston, and F. C. Davis and Marshall Eskridge, both of San Antonio, for appellees.

SWEARINGEN, J. This is a suit by Emil H. Frick, the appellant, against the International & Great Northern Railway Company and its receivers, James A. Baker, and Cecil A. Lyons, to recover damages for personal injuries. The cause was tried with a jury upon special issues. The jury answered the issues against appellant, in accordance with which judgment was rendered.

Appellant's petition alleged that he was an employé of the appellee railway company, and upon November 5, 1913, he accepted an invitation from another employé of the railway company, Jack Meyers, to accompany

him in the use of the railway track of the company with a motorcycle belonging to the railway company, but under the care and custody of Jack Meyers. It was alleged that the company's mechanic, an official having control over the said car and the men thereon, was present, saw and consented to the trip; that when returning to San Antonio the said motorcycle was run down by one of the company's freight trains while upon a bridge about eight miles from San Antonio, and appellant was thrown from the bridge and seriously and permanently injured; that the said collision and injuries were caused by the negligence of the railway company's employés in operating said train at a negligent rate of speed and in failing to give a timely signal of any kind of the approach of the train; that the company's employés in charge of said train were also negligent in failing to stop or slacken the speed of the train, and in failing to give a timely warning signal after the appellant's position of peril was discovered.

The railway company replied with a general denial and a plea of contributory negligence on the part of appellant. The answer averred that the plaintiff was upon a pleasure trip of his own; was not then in the course of his employment with the company, and that appellant was not upon said motorcycle and track by consent from any one having authority over said car, and that the employés in charge of the train owed no duty of lookout at the place where the collision occurred, and did not discover the plaintiff upon the track in time to have prevented injury to him by using the means at hand. The answer further averred that appellant went out upon the line of the railway company without the knowledge or consent of any official or employé of said railway company having control over the line, and that no notice was or could have been given to the employés in charge of the train which came in contact with the motorcycle. The company answered, further, that the appellant knew at the time he started on his trip that the train which collided with him was out and was due at the point of the collision about the time of the accident, and also knew that a train of the company was likely to pass over the line at any time, and answered that appellant just prior to the accident stopped the motorcycle on the company's railroad track; and indulged in the pleasure of shooting wild game, left the motorcycle on the track, went to gather up the game, and then started the motorcycle with a loud noise and failed to look or listen for an approaching train. The railway company averred that this was extrahazardous, because immediately south of the bridge there was a steep grade and a decided curve, all of which was known to appellant.

The only issues submitted were the following:

"(1) Did the defendant's engineer or fireman in charge of the locomotive discover the plaintiff's position of peril in time, by the exercise of ordinary care, to have sounded a warning of the approaching train that would have prevented the injury to plaintiff?

"(2) Did the engineer and fireman, after such discovery, if any, fail to give such timely warning as would have prevented the injury to plaintiff?

"(3) Did the engineer or fireman operating the locomotive discover the plaintiff's position of peril in time, with the means at hand, consistent with the safety of the train, to have so slackened the speed of the train as to have prevented the injury to plaintiff?"

[1, 2] The first six assignments assail the action of the trial court in giving, at the request of appellee, the following special instruction:

"You are instructed that the plaintiff at the time of the collision and injury complained of was a trespasser on the track of the defendant, and that the defendant owed him no duty until his position of peril was discovered."

It is urged that this special instruction is fallacious in two particulars, viz.: That it was error for the court to tell the jury that appellant was a trespasser on the railway company's track, and that it was also error to tell the jury that the railway company owed appellant no duty until his position of peril was discovered.

The fact is that appellant was rabbit shooting after work hours for his own pleasure and was not in the performance of any duty for the railway company. He was using the main line of track from Laredo to San Antonio at a time when he knew the track would be used by the company's train. He was not invited or licensed to so use the track for his personal pleasure by any one shown to have authority to give the permission to so use the track. Under the facts appellant was beyond question a trespasser. I. & G. N. Ry. v. Cock, 68 Tex. 713, 5 S. W. 635, 2 Am. St. Rep. 521; T. & P. Ry. v. Black, 87 Tex. 161, 27 S. W. 118. Counsel for appellant further insist that the question of whether or not appellant was a trespasser was, by the pleading and evidence, an issue to be determined by the jury. However, no such issue was requested by appellant. "The failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal, * * * unless its submission has been requested in writing by the party complaining of the judgment." Vernon's Sayles' Rev. Civ. St. art. 1985.

The further contention is made that "trespasser" means a lawbreaker, and the use of the term applied by the court tended to discredit appellant's testimony upon the issue of discovered peril submitted to the jury. Appellant could have had the court define the word "trespasser" to mean one who was upon the property of another in pursuit of his own purpose without the permission of

the owner. No request was made for a definition of the term. Moreover, the record does not disclose that appellant testified that his perilous position was discovered by the employés in charge of appellee's train.

The special requested instruction does not explain any term or give any rule of law to aid the jury in determining any of the issues submitted. It is entirely irrelevant to those issues, but we are not able to say that any injury was caused to appellant by reason of this irrelevant, though correct, statement of a fact.

[3] The instruction that the railway company owed a trespasser no duty until his position of peril was discovered is error, as contended by counsel for appellant. In the case of Texas & Pacific Ry. Co. v. Watkins, 88 Tex. 20, 29 S. W. 232, Associate Justice Denman, writing the. opinion for the Supreme Court, stated:

"It is often said that a railroad owes no duty to a trespasser. * * * This doctrine has never been adopted in this state, but has been expressly repudiated."

Then he cites Railway v. Sympkins, 54 Tex. 618, 38 Am. Rep. 632, Railway v. Hewitt, 67 Tex. 479, 3 S. W. 705, 60 Am. Rep. 32, and Artusy v. Railway, 73 Tex. 193, 11 S. W. 177. Associate Justice Denman then states the true rule:

"That it is the duty of the servants of the railroad company operating its trains to use reasonable care and caution to discover persons on its track, and a failure to use such care and caution is negligence on the part of such company." Railway v. Watkins, 88 Tex. 20, 29 S. W. 232.

This rule has been expressly stated in many Texas decisions, some of which are the following cases: Railway v. Broomhead, 140 S. W. 820; Railway v. Jaramilla, 180 S. W. 1126; Railway v. Hammer, 34 Tex. Civ. App. 354, 78 S. W. 708; Railway v. Watts, 173 S. W. 909; Railway v. Hewitt, 67 Tex. 473, 3 S. W. 708, 60 Am. Rep. 32; Railway v. Huegle, 158 S. W. 197; Railway v. O'Donnell, 58 Tex. 27; Railway v. Davis, 110 S. W. 939; 33 Cyc. 786.

The cases cited by counsel for appellee do not announce a contrary rule and are in no respect in conflict with the opinion in the Watkins Case.

In Texas Midland Railway Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, M., K & T. Ry. v. Malone, 102 Tex. 269, 115 S. W. 1158, H. & T. C. v. Richards, 59 Tex. 373, as well as in Over v. M., K. &. T. Ry., 73 S. W. 535, Missouri, K. & T. Ry. v. Cowles, 96 Tex. 24, 67 S. W. 1078, 69 S. W. 541, recovery was denied for the injuries sued for because according to the facts involved in those cases it was determined that the injured party was guilty of contributory negligence, which was found as a matter of law to have been the proximate cause of the injury and precluded a recovery. This holding is directly in accord with the opinion of Associate Justice Denman in the Watkins Case, wherein it is said:

"If such circumstances show that the party injured was a * * * trespasser at the time of the injury, the issue of contributory negligence is, as a general rule, established as a matter of law; but not so in all cases." T. & P. Ry. Co. v. Watkins, 88 Tex. 24, 29 S. W. 234.

[4, 5] The special instruction made an erroneous statement of the law, and the instruction was not such explanation and definition of legal terms as was necessary to enable the jury to properly pass upon and render a verdict on such issues as were submitted. Article 1984a. But we cannot say that the irrelevant charge, erroneous though it was, probably contributed to the result reached by the jury. The jury found in answer to the only issue submitted to it that the operators of the train in collision did not discover appellant's position of peril in time to have prevented the injury. The assailed instruction had no bearing upon this issue. The possible inference that the jury might have believed that the railroad company owed appellant no duty even after discovery of the peril is not tenable, in view of the special instruction requested by appellant and given by the court, which is as follows:

"In connection with questions Nos. 1 and 3, I charge you that the exercise of ordinary care on the part of the engineer and fireman in charge of the train to use all the means at hand to warn the plaintiff and slacken the train's speed, after discovering plaintiff's peril, if it was discovered, is not diminished or dispensed with because of the fact that the plaintiff himself may have been wrongfully upon the track."

The first six assignments are overruled.

The foregoing also disposes of the ninth and tenth assignments.

[6] The seventh assignment is that the court erred in overruling the appellant's exception to the main charge. Said charge was excepted to because it failed to submit to the jury the issues of defendant's negligence in running its train at an excessive rate of speed, and in failing to give proper warning, and in negligently running the appellant down. The bill of exception upon which this proceeding is brought before us discloses that counsel only objected to the omission. "But the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal * * * unless its submission has been requested in writing by the party complaining of the judgment." Vernon's Sayles' Tex. Civ. St. art. 1985. This statutory requirement has not been observed.

We overrule the seventh assignment.

[7, 8] We overrule the eighth assignment, complaining of the exclusion of testimony. The form of the question excluded upon objec-

tion called for a conclusion of the witness as to what might have occurred if something had been done, which the witness had testified was not done. The question called for a conjectural conclusion. All facts that might have been elicited by the question if in proper form were testified to by the witness without objection, which refutes the idea that any injury could have been done to appellant by the exclusion of the question and probable answer.

The judgment is affirmed.