SAN ANTONIO & A. P. RY. CO. v. MOORE.
(No. 6143.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919. Rehearing Denied Feb. 12, 1919.)

1. RAILROADS ☞338—INJURIES ON TRACK —LAST CLEAR CHANCE.

Plaintiff whose automobile stuck on a railroad crossing and was demolished by a train, though the engineer had actually seen it in time to stop by using proper means, could recover from the railroad, even if he had been a trespasser on the track, which he was not.

2. RAILROADS ☞348(2) — INJURIES ON CROSSING—PROXIMATE CAUSE—SUFFICIENCY OF EVIDENCE.

In action against railroad for injuries to automobile stuck on its crossing, evidence *held* to justify finding that railroad's negligence through its engineer was direct and proximate cause of injury, plaintiff not having voluntarily placed car on track; it having been there by accident over which he had no control.

3. RAILROADS ☞324(1) — INJURIES ON CROSSING—DAMAGE TO PERSONAL PROPERTY —CONTRIBUTORY NEGLIGENCE.

It was not negligence for plaintiff to leave in his automobile a violin, which was destroyed with the car when the latter, stuck on a railroad crossing, was demolished by a train.

4. APPEAL AND ERROR ☞1060(1) — HARMLESS ERROR—REFUSAL TO INSTRUCT TO DISREGARD ARGUMENT.

In action against railroad for destruction of automobile stuck on crossing, trial court's refusal to instruct jury not to consider certain language used by plaintiff's counsel in argument *held* harmless.

Appeal from Kendall County Court; J. W. Lawhon, Judge.

Suit by L. N. Moore against the San Antonio & Aransas Pass Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Augustus McCloskey and Taliaferro, Cunningham & Birkhead, all of San Antonio, for appellant.

Engelking & James, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover damages of appellant alleged to have arisen by reason of the train of appellant negligently colliding with and destroying an automobile and a violin contained therein, as well as inflicting personal injuries on appellee. Appellant pleaded contributory negligence. The cause was submitted on special issues, and judgment rendered in favor of appellee for $425, upon the answers of the jury to the special issues.

The evidence shows that appellee, in trying to avoid collision with another automobile at a railroad crossing, was so crowded to the edge of the crossing that his car skidded on a rail and became so fastened an the track that its own power would not release it. While with the assistance of others he was trying to get the car off the track, a train of appellant ran into and destroyed the car and a violin that was in it. Appellee swore that the track, in the direction the train came, was straight, by actual measurement, for 1,400 feet, and the engineer on the train admitted that he saw the object on the track, when halfway on the straight track. He stated that the track was straight for only 800 feet, but the jury evidently preferred the actual measurement of appellee to the calculation or guess of the engineer. Appellee testified that the speed of the train was not lessened until the automobile was struck, although he lighted matches and waved his hat to stop the train. The headlight on the engine illuminated the track for at least 1,000 feet, and the train could be stopped in from 550 to 700 feet. No effort was made to stop the train until it was within less than 500 feet of the automobile.

[1] The engineer should have kept an outlook for the crossing, and if he had done so he would have discovered the automobile at a distance of a least 1,000 feet, and did actually discover it when at least 700 feet away from it, and by using proper means could have stoppped the train before striking the automobile. The fact that appellee might have been a trespasser on the track, although he was not, did not relieve appellant of the duty of keeping a lookout to discover objects on the track. This rule is well established in Texas. Railway v. Sympkins, 54 Tex. 615, 38 Am. Rep. 632; Railway v. Watkins, 88 Tex. 20, 29 S. W. 232; Railway v. Broomhead, 140 S. W. 820; Railway v. Jaramilla, 180 S. W. 1126; Frick v. Railway, 207 S. W. 198, by this court, not yet officially reported.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] The evidence justified a finding by the jury that the negligence of appellant was the direct and proximate cause of the injury. Appellee did not voluntarily have his automobile on the track, but it was there by an accident over which he had no control, and he had used every means in his power to get the automobile off the track, and when that could not be done in time he did all in his power to warn the engineer of the situation. It was not negligence to leave the violin in the automobile.

[4] The third assignment of error assails what is claimed to have been a refusal of the court to instruct the jury not to consider the following language used by counsel for appellee:

"Gentlemen of the jury, you are not here for the purpose of answering the questions, but to go down deep into the case and do justice."

It is not apparent what was meant by counsel, but whatever it was it was probably innoxious. We fail to see how it could have had any effect on the verdict.

There is no error pointed out requiring a reversal, and the judgment is affirmed.